UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| POST UNIVERSITY, INC. | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 3:21-cv-01242 |
| v. | : | |
| COURSE HERO, INC. | : | January 18, 2022 |
| Defendant. | : | |

## 26(f) REPORT OF PARTIES' PLANNING MEETING

| | |
|---|---|
| Date Complaint Filed: | September 17, 2021 |
| Date Complaint Served: | November 2, 2021 |
| Date of Defendant's Appearance: | November 23, 2021 (Local Counsel) |
| | December 11, 2021 (Lead Counsel) |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on January 11, 2022. The participants were:

Timothy Johnson and Benjamin Lehberger for Plaintiff Post University, Inc. ("Post University").

Allyson Bennett and Joseph Gratz for Defendant Course Hero, Inc. ("Course Hero").

### I.    Certification

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.

Counsel further certify that they have forwarded a copy of this report to their clients.

II. **Jurisdiction**

    A. <u>Subject Matter Jurisdiction</u>

        This Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367.

    B. <u>Personal Jurisdiction</u>

        Personal Jurisdiction is not contested.

III. **Brief Description of Case**

        This case concerns the availability of documents on Defendant Course Hero's website which Plaintiff alleges are owned by Plaintiff and posted without Plaintiff's authorization. Based on the above, Plaintiffs are alleging claims of copyright infringement, trademark infringement, false designation of origin, unjust enrichment, and unfair competition.

        Plaintiff is a Connecticut-based University that offers 38 Degree Programs. Plaintiffs allege that they invest substantial resources into producing documents in support of their numerous academic programs. The documents include syllabi, learning materials, test and quizzes. Courses at Post University are taught on ground, on-line, or a hybrid of on ground and on-line. Post University alleges that it owns the copyrights to the course content created in support of its academic programs. Post University also alleges that it owns a family of registered trademarks that are used in commerce and that appear on their course content.

        Defendant Course Hero owns and operates a website located at http://www.coursehero.com. The website is an online learning platform of course-specific study resources. Course Hero alleges it does not create the study resources available through its platform. Rather, Course Hero alleges that users can upload study resources that can, in turn, then be downloaded by other users. Post University alleges that some of the materials that users have uploaded to Course Hero's website are Post's copyrighted materials and/or bear the various registered Trademarks owned by Post University.

    A. <u>Claims of Plaintiff</u>:

        Plaintiff claims that that the Defendant has committed direct copyright infringement through the creation and display of preview documents based on Post University-owned

documents, as well as the unauthorized distribution of Post University-owned copyrighted materials. Plaintiff also contends that the Defendant is liable for contributory copyright infringement for infringing acts of its users through its right and ability to control the control the content provided on the Course Hero website. Plaintiffs contend that Course Hero is liable for the infringing acts of its users under vicarious copyright infringement due to its right and ability to supervise and control the activity of its users, as well as its control over the distribution process. In connection with each of the above copyright infringement allegations, Plaintiff contends that Course Hero is not eligible for the protections of the Digital Millennium Copyright Act ("DMCA").

Plaintiffs also contend that the Defendant has violated Section 1202 of the DMCA through the removal of Copyright Management Information during the creation of preview documents.

Plaintiffs further contend that Defendant is liable for trademark infringement and false designation of origin through the unauthorized reproduction, display and distribution of documents bearing Post University registered trademarks.

Plaintiffs further contend that the Defendant is liable under the Connecticut Unfair Trade Practices Act ("CUTPA"), common law unfair competition through their actions of offering unauthorized materials owned by Post University to its user while impeding the ability of the Plaintiff from policing the website. Plaintiffs also contend that Defendant has been unjustly enriched.

Plaintiffs also contend that there are likely hundreds or thousands more documents of Post University-owned documents currently available on the Course Hero website that have not yet been discovered and identified due to Course Hero paywall restrictions and lack of access to the website.

Plaintiffs contend that access to the full library of Course Hero documents is limited. Plaintiffs contend that entities without a Course Hero account are unable to view or download original documents. Plaintiffs contend that prior to permitting a user to download a document from the Course Hero website, the site provides a "preview" of the original document. Plaintiffs contend that paid subscribers are limited to "unlocking" 30 documents per month.

Plaintiffs contend it is impossible for a rightsholder to effectively police the Course Hero website for copyright infringement. Post University contacted Course Hero twice in early 2021

seeking the removal of copyrighted materials and requesting access to the Course Hero website. Post University contends that, while the letters were received and partially acted upon, Post University's requested access to the website for policing purposes were unanswered.

Plaintiff contends that at least some of the documents located on the Course Hero website bear the various registered Trademarks owned by Post University.

B.  Defenses and Claims of Defendant:

Course Hero has a number of defenses to Plaintiff's claims.

*Direct Copyright Infringement*:  Even assuming that some of the materials available through Corse Hero's online platform infringe Plaintiff's copyrights, Course Hero contends that only the users who uploaded those materials, and not Course Hero, would be liable because only the users, and not Course Hero, have engaged in the type of volitional conduct necessary for copyright liability.  Further, Course Hero contends that it is protected by Section 512(c) of the DMCA, which shields Course Hero from liability for allowing users to view and download documents that have been uploaded by other users to Course Hero's online platform for that purpose.

*Secondary Copyright Infringement*:  Course Hero contends that it is also not indirectly liable for its users' copyright infringement.  First, Course Hero contends that the DMCA applies to secondary liability, in addition to direct liability.  Second, Course Hero contends that it does not have the "right and ability" to supervise the infringing activity of its users, as required for vicarious liability.  Third, Course Hero contends it promptly removed all allegedly infringing materials of which Post gave it notice.  Course Hero contends that defeats any claim that Post may have had for contributory liability.

*Trademark Claims*:  To the extent Post will be able to show that its trademarks appear on any materials available through Course Hero's platform, Course Hero alleges that the marks would appear only to correctly identify that the material was offered in connection with a course from Post.  Course Hero alleges that accurately using a trademark owner's trademark to refer to the trademark owner itself is not trademark infringement, under the law of this Circuit.

*State and Common Law Claims*:  Course Hero alleges that Post's other claims fail for the same reasons as its copyright and trademark claims.  In addition, Course Hero denies that it has impeded the ability of copyright owners to search for any of their materials on its platform.

IV.  **Statement of Undisputed Facts**

Counsel for Plaintiff and Defendant certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1. Course Hero operates a website located at http://www.coursehero.com.
2. Post University is a private, for-profit university in Waterbury, Connecticut.

V.  **Case Management Plan:**

The parties propose the following Case Management Plan.  For the Court's convenience, the dates listed below are also tabulated in Schedule A.

A. Initial Disclosures

Initial disclosures will be served by January 25, 2022.

B. Scheduling Conference

1. The parties do not request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone or video conference.

C. Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

    4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

  D. <u>Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings</u>

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

The parties do not anticipate any motions to join additional parties. The parties do anticipate that Plaintiff may seek to amend the pleadings to add as works in suit additional works allegedly owned by Post University that potentially will be located on the Course Hero website during discovery. Without prejudice to Defendant's position on the merits, the parties agree to permit Plaintiff to amend the pleadings prior to September 1, 2022 solely to add any additional works in suit . The parties also agree to permit Defendant to amend its pleading solely to respond to Plaintiffs' amendment by no later than 21 days after Plaintiff's amended pleading is filed. The parties understand that any other such motions will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

  E. <u>Discovery</u>

    a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties do not have any information regarding the "needs of the case" that they wish to apprise the Court.

    b. Plaintiff anticipates that discovery will be needed on the following subjects: documents owned by plaintiff that are in defendant's possession and/or available on defendant's website; defendant's practices and procedures for obtaining, modifying, posting, and/or distributing documents and previews of documents to subscribers; records of documents owned by plaintiff being accessed by defendant's customers; defendant's use of plaintiff's trademarks; defendant's

    practices and procedures for granting rights holders access to its website to police copyright infringement; defendant's handling of pre-suit requests by plaintiff to stop infringement and grant plaintiff access to its website; defendant's revenues, profits, and valuations; and defendant's defenses including but not limited to facts pertinent to its defense under the Digital Millennium Copyright Act (DMCA). Defendant anticipates that discovery will be needed on the following subjects: Plaintiff's ownership and registrations of its alleged copyrights and trademarks; Plaintiff's profits attributable to its distribution of the allegedly copyrighted materials; Plaintiff's enforcement efforts with respect to its trademarks and copyrights; Plaintiff's policies with respect to the ownership of materials created by its professors and students; any evidence of confusion, or the lack thereof, between Post University and Course Hero; any harm that Plaintiff has suffered as a result of the availability of the allegedly infringing materials on Course Hero.

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by January 11, 2022 and completed (not propounded) by February 3, 2023.

d. Fact discovery will occur before expert discovery.

e. Plaintiff anticipates that the plaintiff(s) will require a total of 8 depositions of fact witnesses and that the defendant(s) will require a total of 8 depositions of fact witnesses. The depositions will commence by July 11, 2022 and be completed by October 11, 2022.

f. The parties will not request permission to serve more than 25 interrogatories.

g. The parties intend to call expert witnesses at trial.

h. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which

      they bear the burden of proof by November 11, 2022. Rebuttal expert reports, and reports on any issues on which a party does not bear a burden of proof, will be provided by December 19, 2022. Depositions of any such experts will be completed by February 3, 2023.

i. A damages analysis will be provided by any party who has a claim or counterclaim for damages by November 11, 2022.

j. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

The parties agree to preserve all electronically stored information ("ESI") that may be relevant to this dispute in a manner consistent with Rule 37 of the Federal Rules of Civil Procedure.  The parties will search for and produce all electronic documents that are reasonably accessible, non-privileged, relevant, responsive to discovery requests, and can be located without unreasonable or disproportionate burden. In the event that a particular request is burdensome or disproportionate, the parties agree to cooperate in good faith to reduce the burden. The parties agree to confer in good faith on the number of custodians per party for whom ESI will be preserved and the manner and format of production.

k.  Undersigned counsel (after consultation with their clients) have had a preliminary discussion regarding the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.  The parties have agreed to meet and confer to discuss the above in greater detail in the near future. The parties agree to the following procedures for the preservation, disclosure and management of such information:

The parties believe that the majority of the information needed in discovery will be stored in electronic form and do not anticipate having to search a significant volume of information stored in paper or other non-electronic forms. However, the parties agree to preserve all paper and other non-electronic information relevant to this dispute, notify one another of any categories of information called for by discovery requests which may be stored in paper or non-electronic form, and cooperate to determine the extent to which a search of such paper or other non-electronic information is necessary.

l.  Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

The parties agree that no waiver of privilege or work-product protection shall apply to an inadvertently produced document provided notice is given to the receiving party as soon as practicable, and no more than five (5) business days, after learning of such inadvertent disclosure. In accordance with Fed. R. Civ. P. 26(b)(5)(B), the receiving party will promptly return, sequester, or destroy the specified information and any copies it has (including notes or summaries), not use or disclose the information until the claim is resolved, and take reasonable steps to retrieve the information if the party disclosed it before being notified. The producing party will preserve the information until the claim is resolved. The

receiving party may promptly present the information to the court under seal for a determination of the claim. The producing party will bear the burden of establishing the privileged nature of any inadvertently produced information or material.

    F.   Other Scheduling and Protective Order Issues

The parties do not anticipate other scheduling issues at this time. The parties anticipate that there may be a need during the litigation to amend the Court's Protective Order to include attorney's eyes only protection for certain documents. The parties agree to submit a draft Protective Order for the Court's review if the need should arise.

    G.   Summary Judgment Motions:

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before March 3, 2023.

    H.   Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by June 5, 2023.

## VI.   TRIAL READINESS

The case will be ready for trial by June 15, 2023.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff
By   /s/ Timothy A. Johnson      Date:     January 18, 2022

Defendant
By   /s/ Joseph C. Gratz         Date:     January 18, 2022

## SCHEDULE A

| Activity | Due Date |
|---|---|
| Initial Disclosures | January 25, 2022 |
| Discovery Commenced | January 11, 2022 |
| All Discovery Completed | February 3, 2023 |
| Fact Depositions Commenced | July 11, 2022 |
| Fact Depositions Completed | October 11, 2022 |
| Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) | November 11, 2022 |
| Rebuttal expert reports will be provided | December 19, 2022 |
| Depositions of experts will be completed | February 3, 2023 |
| A damages analysis will be provided by any party who has a claim or counterclaim for damages | November 11, 2022 |
| Summary Judgment Motions | March 3, 2023 |
| Joint Trial Memorandum | June 5, 2023 |
| Trial Readiness | June 15, 2023 |