## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| _____ | : | |
| POST UNIVERSITY, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 3:21-cv-01242-JBA |
| | : | |
| v. | : | |
| | : | |
| COURSE HERO, INC. | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## <u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S AMENDED MOTION TO DISMISS</u>

## TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................................1

II. BACKGROUND.............................................................................................................2

III. LEGAL AUTHORITY .................................................................................................4

    A.      Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6) ...............................................4

    B.      17 U.S.C. § 1202(a).................................................................................................5

IV. ARGUMENT .................................................................................................................6

    A. The Amended Complaint Sufficiently Pleads Numerous Plausible Violations of 17 U.S.C. § 1202(a).........................................................................................................6

    B. Post States A Valid Claim For Relief Under § 1202(a) With Respect To Course Hero's Copyright Notice………..............................................................................................7

    C. Post States A Valid Claim For Relief Under § 1202(a) With Respect To Course Hero's Watermark…...................................................................................................................10

V. CONCLUSION ..............................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Aaberg v. Francesca's Collections, Inc*.,

    No. 17-cv-115, 2018 U.S. Dist. LEXIS 50778 (S.D.N.Y. Mar. 27, 2018) ......................10

*Agence France Presse v. Morel*, 934 F.Supp.2d 547 (S.D.N.Y. 2013) ..................................10,11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..............................................................................4,5,7

*BanxCorp v. Costco Wholesale Corp.*, 723 F.Supp.2d 596 (S.D.N.Y. 2010) ..............................8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................4,5

*Fischer v. Forrest*, 968 F.3d 216 (2d Cir. 2020)……..………….................................................10

*Janik v. SMG Media, Inc.*,

    No. 16CIV7308JGKAJP, 2018 WL 345111 (S.D.N.Y. Jan. 10, 2018) ............................8

*Karas v. Liberty Ins. Corp.*, 33 F.Supp.3d 110 (D. Conn. 2014) ................................................5,7

*Leeds v. Meltz*, 85 F.3d 51 (2d Cir.1996) .......................................................................................5

*Lixenberg v. Complex Media, Inc.*,

    No. 22-cv-354 (RA), 2023 U.S. Dist. LEXIS 4510 (S.D.N.Y. Jan. 10, 2023)...................9

*Mango v. Buzzfeed, Inc.*, 356 F.Supp.3d 368 (S.D.N.Y. 2019) .....................................................8

*Michael Grecco Prods., Inc. v. Alamy, Inc.*, 372 F.Supp.3d 131 (E.D.N.Y. 2019) .....................11

*Pierson v. Infinity Music & Entm't, Inc.*, 300 F.Supp.3d 390 (D. Conn. 2018) .........................8,9

*Presse v. Morel*, 769 F.Supp.2d 295 (S.D.N.Y. 2011) ..................................................................8

*Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*,

    748 F.2d 774 (2d Cir. 1984) ...........................................................................................4

*SellPoolSuppliesOnline.com v. Ugly Pools Arizona, Inc.*,

    344 F. Supp. 3d 1075 (D. Ariz. Sep. 24, 2018) ................................................................8

4894-4477-5762, v. 1

**Statutes/Rules**

17 U.S.C. § 1202....................................................................................................*passim*

17 U.S.C. § 1203....................................................................................................2,4

Fed. R. Civ. P. 8....................................................................................................4

Fed. R. Civ. P. 12....................................................................................................1,4,5

4894-4477-5762, v. 1

## I.      INTRODUCTION

Plaintiff Post University, Inc. (hereinafter "Post" or "Plaintiff") hereby submits its Opposition to Defendant Course Hero, Inc.'s (hereinafter "Course Hero" or "Defendant") Amended Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Course Hero first filed its Motion to Dismiss on November 22, 2022 before requesting a pre-filing conference in accordance with this Court's pretrial preferences. (Dkt. 36.) A Motion for Pre-Filing Conference was subsequently filed on December 8, 2022 (Dkt. 40) and the Pre-Filing Conference was held on January 31, 2023. Course Hero's Amended Motion to Dismiss followed on February 14, 2023. (Dkt. 47.)

In the Pre-Filing Conference, the Court inquired whether it would be more efficient and productive to address the issues raised by Course Hero on summary judgment after completion of discovery. (Dkt. 49 at pp. 13-14.) However, Course Hero represented that the Court could "determine that the copyright footer at issue is not copyright management information <u>as a matter of law</u> and that the watermarks that the plaintiff has identified are not false copyright management information <u>as a matter of law</u>." (Dkt. 49 at pp. 14-15.) According to Course Hero, "there are <u>ample examples</u> of circumstances in which a Court has decided on a motion to dismiss that <u>information in question does not constitute as a matter of law copyright management information</u>." (*Id*.)

The Court permitted Course Hero to file the Amended Motion to Dismiss focused on the footer and watermark allegations, having understood from Course Hero that these issues "can be dealt with as a matter of law" whereby "such claims are either in or out no matter what the pleading is." (Dkt. 49 at p. 30.)

As discussed below, the issues raised in Course Hero's motion cannot be dispensed on a motion to dismiss. Despite its unequivocal representations in the Pre-Filing Conference, Course

Hero has failed to provide any controlling case law holding that footers or watermarks are not copyright management information as a matter of law.

## II.     BACKGROUND

On September 17, 2021, Post filed a comprehensive Complaint alleging nine Counts arising out of Course Hero's unauthorized use, alteration, distribution, and sale of thousands of Post's copyrighted documents. (Dkt. 1.) The original Complaint included Count IV alleging violations of 17 U.S.C. § 1202. (Dkt. 1.) On November 1, 2022, Post filed its Amended Complaint, as permitted under the Scheduling Order, clarifying Count IV and the relief requested, including statutory damages and attorney's fees under 17 U.S.C. § 1203. (Dkt. 31.)

As detailed in the Amended Complaint (and the original Complaint), Course Hero operates a website purporting to offer "an online learning platform of course-specific study resources." (Dkt. 31 at ¶ 14.) However, while deceptively promoting itself as being a platform where users may only upload content that they have the right to upload, the Course Hero website is replete with unauthorized and copyrighted materials. (Dkt. 31 at ¶ 146.) The website houses documents from more than 3,400 colleges including tens of thousands of documents from Post. (Dkt. 31 at ¶¶ 15-16, 36.) Course Hero sells access to Post's documents, including tests, quizzes, assignments, and course materials, which promotes cheating, diminishes the value of Post's educational services, and necessitates the development of new course materials, tests, and answers at great expense to Post. (Dkt. 31 at ¶¶ 75, 147, 167; Exh. 1-16.)

Course Hero hides all of the documents behind a paywall permitting only paid subscribers to access a limited number of documents while preventing rights holders, like Post, from policing the website for infringing materials. (Dkt. 31 at ¶¶ 17-18, 36, 50, 66-68, 110, 147, 150.) Non-subscribers cannot view any full documents on the Course Hero website. (Dkt. 31 at ¶ 18.) Instead,

4894-4477-5762, v. 1

non-subscribers can only view a select number of "previews" of documents which are substantially modified by Course Hero to blur copyright management information, making it impossible for Post (and other rights holders) to form a good faith belief of infringement and submit takedown requests. (Dkt. 31 at ¶¶ 67-68, 165.) Further, after approximately four previews are viewed by any non-subscriber, all of the documents on the Course Hero website are completely blurred preventing any further review. (Dkt. 31 at ¶¶ 27-28.)

If a rights holder chooses to pay for a subscription to facilitate policing its copyrighted documents, they are limited to viewing only 30 documents per month and must accept Course Hero's egregious terms and conditions including choice of law and arbitration provisions. (Dkt. 31 at ¶¶ 40, 151.) Prior to bringing this lawsuit, Post sent letters to Course Hero explaining the impossibility of policing the Course Hero website due to the paywall and subscription requirement and requesting access to website for the purpose of locating copyrighted materials owned by Post. (Dkt. 31 at ¶¶ 47-50.) Course Hero removed the select few documents Post was able to identify as its own without a subscription but ignored its request for access to the website, necessitating the filing of this lawsuit. (Dkt. 31 at ¶¶ 49, 51-52.)

In addition to using and displaying copyrighted documents without authorization, and preventing policing of unauthorized materials by Post, Course Hero violates 17 U.S.C. § 1202(a) by adding Course Hero's own false copyright management information to Post documents and previews and violates 17 U.S.C. § 1202(b) by removing Post's copyright management information from the documents and previews. (Dkt. 31 at ¶¶ 70, 116-128.) As alleged in the original and Amended Complaint, Course Hero has removed and continues to remove and/or alter copyright management information including hiding copyright statements that appear on Post documents. (Dkt. 31 at ¶¶ 123.)

4894-4477-5762, v. 1

As alleged in the Amended Complaint, Course Hero "provides and distributes copyright management information that is false by placing a Course Hero copyright notice below Previews of Post University's copyrighted works displayed on the Course Hero website (see, e.g., Exhibits 1-5 and 12), by applying a Course Hero watermark to Post University's copyrighted works available for download from the Course Hero website (see, e.g., Exhibits 7-11), and by applying Course Hero metadata to Post University's copyrighted works available for download from the Course Hero website." (Dkt. 31 at ¶ 119.) Further, "Course Hero provides and distributes copyright management information that is false knowingly and with the intent to induce, enable, facilitate, or conceal infringement in violation of 17 U.S.C. § 1202(a)." (Dkt. 31 at ¶ 120.)

As alleged in the Amended Complaint, Post seeks statutory damages for Course Hero's violations of section 1202. (Dkt. 31 at p. 34.) 17 U.S.C. § 1203(c)(3) permits a complaining party to elect to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000. Moreover, 17 U.S.C. § 1203(b)(5) authorizes the Court to award reasonable attorney's fees for violations of section 1202 which was also indicated in the Amended Complaint. (Dkt. 31 at p. 34.)

## III.   LEGAL AUTHORITY

### A.   Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the Complaint tested against the notice pleading requirements of Fed. R. Civ. P. 8, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

4894-4477-5762, v. 1

A motion to dismiss under Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Karas v. Liberty Ins. Corp.*, 33 F.Supp.3d 110, 113 (D. Conn. 2014), *citing Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is ***plausible*** that the plaintiff has a valid claim for relief. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555–56; *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996).

"*Plausibility* at the pleading stage is nonetheless distinct from *probability*, and 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the claims is improbable, and ... recovery is very remote and unlikely.'" *Karas*, 33 F.Supp.3d at 113, *quoting Twombly*, 550 U.S. at 556 (emphasis in original).

**B.     17 U.S.C. § 1202(a)**

17 U.S.C. § 1202(a) makes it unlawful to knowingly and with the intent to induce, enable, facilitate, or conceal infringement provide "copyright management information" that is false, or distribute or import for distribution copyright management information that is false.

Copyright management information is broadly defined as information conveyed in connection with copies of a work or displays of a work, including in digital form, including "the title and other information identifying the work, including the information set forth on a notice of copyright," "the name of, and other identifying information about, the author of a work," "the name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright," "terms and conditions for use of the work," "identifying numbers or symbols referring to such information or links to such information," or

"such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work." 17 U.S.C. § 1202(c).

## IV.   ARGUMENT

### A.   The Amended Complaint Sufficiently Pleads Numerous Plausible Violations of 17 U.S.C. § 1202(a)

With respect to 17 U.S.C. § 1202(a), the Amended Complaint pleads that "Course Hero provides and distributes copyright management information that is false." (Dkt. 31 at 119.)  The Amended Complaint then recites three different factual examples of Course Hero's conduct that violates section 1202(a) including "placing a Course Hero copyright notice below Previews of Post University's copyrighted works displayed on the Course Hero website (see, e.g., Exhibits 1-5 and 12)," "applying a Course Hero watermark to Post University's copyrighted works available for download from the Course Hero website (see, e.g., Exhibits 7-11)," and "applying Course Hero metadata to Post University's copyrighted works available for download from the Course Hero website." (Dkt. 31 at p. 26.)

Paragraph 119 of the Amended Complaint incorporates twelve different exhibits, which accompanied the original and the Amended Complaint, illustrating examples of Course Hero's violations of section 1202(a).  Exhibits 1-6 and 12 provide examples of how Course Hero has used Post's copyrighted material for its own financial gain by displaying blurred previews of Post's documents. As shown in Exhibit 1, for example, Course Hero blurs copyright management information attributable to Post while falsely giving notice of Course Hero's alleged rights by stating "Copyright @ 2021, Course Hero, Inc." on the same page. Once a paid subscriber exchanges one of their limited unlocks to reveal the blurred document, Course Hero makes available a copy of Post's document for download that is rebranded with Course Hero watermarks

6

and/or footers, as shown in Exhibits 7-11, thereby giving the false impression that Course Hero has rights to such document.

The Amended Complaint further pleads the intent requirement of section 1202(a), namely that "Course Hero provides and distributes copyright management information that is false knowingly and with the intent to induce, enable, facilitate, or conceal infringement." (Dkt. 31 at 120.)

Thus, Post has more than satisfied the requirement to provide a short and plain statement of the claim showing that it is entitled to relief, together with sufficient factual matter, which if accepted as true, states a claim to relief that is plausible on its face. *See Iqbal,* 556 U.S. at 678. While Course Hero wants to challenge the weight of the evidence for two factual examples recited in the Amended Complaint, this fact-based determination is not warranted on a motion to dismiss under Rule 12(b)(6). *Karas,* 33 F.Supp.3d at 113.

### B.   Post States A Valid Claim For Relief Under § 1202(a) With Respect To Course Hero's False Copyright Notice

Paragraph 119 of the Amended Complaint alleges that "Course Hero provides and distributes copyright management information that is false by placing a Course Hero copyright notice below Previews of Post University's copyrighted works displayed on the Course Hero website (see, e.g., Exhibits 1-5 and 12)." (Dkt. 31 at p. 26.) There can be no dispute that Course Hero's copyright notice, "Copyright @ 2021, Course Hero, Inc.", is a type of "notice of copyright" specifically referred to in the definition of copyright management information in 17 U.S.C. § 1202(c). Further, since Course Hero does not own the Post documents which it displays and sells on its website, the alleged claim of copyright is clearly false.

Course Hero only challenges whether the location of its notice is sufficient to constitute copyright management information "conveyed in connection with" Post's works. However, the

specific placement of the CMI, and whether it does or does not refer to Post's works, is a fact issue that cannot be resolved on a motion to dismiss. See *Presse v. Morel*, 769 F.Supp.2d 295, 305 (S.D.N.Y. 2011), *citing BanxCorp v. Costco Wholesale Corp.*, 723 F.Supp.2d 596, 610–11 (S.D.N.Y. 2010). In *BanxCorp*, the Court denied a motion to dismiss "declin[ing] to hold that, as a matter of law, CMI must be placed on the actual information on a website in order to state a claim under the DMCA." *BanxCorp*, 723 F.Supp.2d at 610-11. The Court reasoned that "[a]t summary judgment, Defendants will have the opportunity to present evidence that the placement of the CMI either indicated that it did not refer to the [work], or was sufficiently removed to demonstrate that Defendants lacked the intent required to show a violation of the DMCA." *Id*.

Even if this Court were to delve into the factual issue of the placement of CMI, which is improper on a motion to dismiss, the Court would find that the law supports Post's allegations. "The term 'conveyed' in section 1202(c) "is used in its broadest sense and is not meant to require any type of transfer, physical or otherwise, of the information. It merely requires that the information be accessible in conjunction with, or appear with, the work being accessed.'" *Pierson v. Infinity Music & Entm't, Inc.*, 300 F.Supp.3d 390, 394 (D. Conn. 2018), *citing Janik v. SMG Media, Inc.*, No. 16CIV7308JGKAJP, 2018 WL 345111, at *12 (S.D.N.Y. Jan. 10, 2018) (quoting S. REP. 105-190 at 35 (1998); see also *Mango v. Buzzfeed, Inc.*, 356 F.Supp.3d 368, 378 (S.D.N.Y. 2019).

Having prefaced this as an issue that can be decided "as a matter of law," Course Hero now asks this Court to dismiss Post's claim with prejudice based on non-controlling cases from different circuits, with their primary citation, *SellPoolSuppliesOnline.com v. Ugly Pools Arizona, Inc.*, being a summary judgment decision rather than a decision under Rule 12(b)(6). The only case cited on the copyright notice issue from within the Second Circuit in Course Hero's initial Motion

to Dismiss (Dkt. 36) directly contradicted their argument. In *Pierson v. Infinity Music & Entm't, Inc.,* Judge Bryant found that a copyright notice and terms of use at the bottom of a website were CMI because "the notice and the Terms of Use are both easily accessible in conjunction with Plaintiff's photographs." 300 F.Supp.3d at 396.

The Amended Motion to Dismiss adds one new case, *Lixenberg v. Complex Media, Inc.*, No. 22-cv-354 (RA), 2023 U.S. Dist. LEXIS 4510 (S.D.N.Y. Jan. 10, 2023), which does not concern a copyright notice. In *Lixenberg*, the Court considered whether the defendant's "logo located in the top-lefthand corner of the webpage" constituted CMI and, while the Court noted the location of the logo, it also found that the generic logo "says nothing about the photograph's authorship or copyright status." *Lixenberg*, 2023 U.S. Dist. LEXIS 4510 at *12. Unlike the generic logo in *Lixenberg*, there can be no dispute that "Copyright @ 2021, Course Hero, Inc." is the type of "copyright notice" specifically called for in the definition of CMI in 17 U.S.C. § 1202(c).

Further, with respect to the copyright notice and Post's other allegations under section 1202, Course Hero challenges each violation in isolation while ignoring the context and overall impression its conduct provides to the consuming public. The present case is nothing like *Lixenberg* where a single accused photo was embedded within a news article. Rather, Course Hero places a false copyright notice on a webpage predominantly featuring and offering for sale Post's work (see, e.g., Dkt. 31 at Exhibits 1-5 and 12) while selectively blurring the work to conceal Post's copyright statement and other CMI. On the same webpage, Course Hero surrounds the blurred copy of Post's work with thumbnails of other Post works that are likewise available for sale to Course Hero's customers (see, e.g., Dkt. 31 at Exh. 3). When a user decides to unlock and purchase a Post work from this webpage, they receive a copy that is branded with Course Hero watermarks and footers (see, e.g., Dkt. 31 at Exh. 7-11). Thus, the copyright notice should not be

4894-4477-5762, v. 1

viewed in isolation. Post's claim is more than plausible, and a jury should be permitted to consider all of the facts and decide whether Course Hero's conduct constitutes a violation of 17 U.S.C. § 1202(a).

In view of the above, Course Hero's Amended Motion to Dismiss Post's claim for a violation of 17 U.S.C. § 1202(a) with respect to Course Hero's false copyright notice should be denied.

### C. Post States A Valid Claim For Relief Under § 1202(a) With Respect To Course Hero's Watermark

Paragraph 119 of the Amended Complaint alleges that Course Hero "provides and distributes copyright management information that is false" by, *inter alia*, "applying a Course Hero watermark to Post University's copyrighted works available for download from the Course Hero website (see, e.g., Exhibits 7-11)." (Dkt. 31 at p. 26.)

Course Hero argues that Post failed to allege that the watermark is false CMI, which is clearly not the case in view of the above language from the Amended Complaint. Course Hero takes an overly narrow view of CMI without any authority requiring that each of the words of the watermark must be untrue. Rather, when evaluating CMI, "context matters." *Fischer v. Forrest*, 968 F.3d 216, 224 (2d Cir. 2020). Also, a combination of elements can collectively constitute CMI. *See, e.g., Aaberg v. Francesca's Collections, Inc*. No. 17-cv-115, 2018 U.S. Dist. LEXIS 50778, *20 (S.D.N.Y. Mar. 27, 2018).

As shown in exemplary exhibits 7-11, Course Hero falsely brands Post's documents as its own in several ways by applying watermarks with the Course Hero name, website address, and a unique URL link directing customers to a webpage where Post's work is unlawfully offered for sale by Course Hero. Applying these watermarks is at a minimum "facially suggestive of ownership" and therefore false. *Agence France Presse v. Morel*, 934 F.Supp.2d 547, 577

(S.D.N.Y. 2013). The "shared via" and "downloaded from" language in Course Hero's watermarks does not negate the suggestion of ownership.

As with the copyright notice issue addressed in section IV(A) above, Course Hero has failed to provide this Court with any case law to support its bold representation during the Pre-Filing Conference that the watermarks at issue are not CMI "as a matter of law." Course Hero cites only one case concerning watermarks in its Amended Motion to Dismiss, and it reached the opposite conclusion. In *Michael Grecco Prods., Inc. v. Alamy, Inc.*, the defendant argued that its placement of an "alamy" watermark on copyrighted works displayed on its Alamy website were not CMI but rather identified the originator of the website on which the works appeared. 372 F.Supp.3d 131,137 (E.D. N.Y. 2019). The Court disagreed and <u>denied the defendant's motion to dismiss</u>, finding that Plaintiff had alleged sufficient facts from which the Court could plausibly infer that the watermarks constituted CMI for the purpose of a § 1202(a) violation.[1] *Id.* at 138.

Course Hero is left relying on dicta in *Grecco* in which the Court distinguished facts in a case alleging a violation of the Lanham Act. *Grecco*, 372 F.Supp.3d at 138. The case distinguished in *Grecco* did not concern 17 U.S.C. § 1202 or CMI, it was decided on summary judgment rather than on a motion dismiss, and the website at issue expressly stated that the defendant was "not the copyright holder of the images." The distinguished case is nothing "like this one" as Course Hero contends. (*See* Dkt. 48 at p. 12.)

In view of the above, there is no basis to dismiss Post's claim for a violation of 17 U.S.C. § 1202(a) with respect to Course Hero's watermarks.

---

[1] Course Hero curiously left the holding of *Michael Grecco Prods., Inc. v. Alamy, Inc.* out of its original Motion to Dismiss (Dkt. 36 at pp. 12-13) and characterized the case as "explaining that allegations of watermarking would dictate granting a motion to dismiss if the watermark 'did not constitute a claim to be the author or copyright owner,'" which it does not.

4894-4477-5762, v. 1

## V.        CONCLUSION

For the reasons given above, Post respectfully requests that this Court deny Course Hero's Amended Motion to Dismiss. Should the Court grant Course Hero's Amended Motion to Dismiss at least in part, Post should be given leave to amend.

Respectfully submitted this 7th day of March, 2023.

PLAINTIFF,
POST UNIVERSITY, INC.

By: /s/ *Timothy A. Johnson*
Timothy A. Johnson (ct25383)
Getz Balich LLC
10 Waterside Drive, Suite 205
Farmington, CT   06032
(860) 470-4703 Phone
(860) 606-9818 Fax
tjohnson@getzbalich.com

Benjamin J. Lehberger (ct26880)
Dilworth IP, LLC
470 James Street, Suite 007
New Haven, CT 06513
(203) 220-8496 Phone
(203) 293-9176 Fax
blehberger@dilworthip.com

4894-4477-5762, v. 1

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed through the ECF system on the 7th day of March, 2023, and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.


/s/ Timothy A. Johnson_____


13