UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**[PROPOSED] PROTECTIVE ORDER**

It is hereby ordered by the Court that the following shall apply to information, documents, excerpts from documents, and other materials supplied by the parties to each other as initial disclosure and in response to discovery requests:

(a) Counsel for any party or any party or person disclosing information as part of this case (a "Disclosing Party") may designate any document or information contained in a document as confidential if such party, person, or counsel determines, in good faith, that such designation is necessary to protect the interests of the Disclosing Party. Information and documents designated by a Disclosing Party as confidential will be labeled:
   (1) "CONFIDENTIAL" (or "CONFIDENTIAL — PRODUCED PURSUANT TO PROTECTIVE ORDER"); or
   (2) "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

(b) "CONFIDENTIAL" information means information, documents, or other materials that have not been made public by the Disclosing Party and that the Disclosing Party reasonably and in good faith believes contains or comprises (a) non-public information that must be maintained in confidence pursuant to a confidentiality agreement, contractual provision, law, or court order; and/or (b) business, strategic, proprietary, or otherwise commercially sensitive business information, trade secrets, or other similar information not generally known, the public disclosure of which would, in the good faith judgment of the Disclosing Party, be detrimental to the conduct of the Disclosing Party's operations or business or the business of any of the Disclosing Party's customers or clients; and/or (c) information that falls into one or more of the following categories: (i) sensitive personally identifying information such as personal addresses, phone numbers, e-mail addresses, birth dates, financial account information, Social Security numbers, driver's license numbers, and IP addresses; (ii) medical, psychological, or mental health records, and other medical information, provided, however, that any person or entity has the right to waive confidentiality with respect to information pertaining to them to the extent permitted under law. Confidential information shall not include information that is available to the public or that is known to or obtained by the person or party receiving such information (the "Receiving Party") independent of production or disclosure under this Protective Order.

(c) "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" means CONFIDENTIAL information that the Disclosing Party reasonably and in good faith believes contains or comprises non-public and confidential business, strategic, proprietary, or otherwise commercially sensitive business information, trade secrets, or other similar information not generally known and

that, in the good faith judgment of the Disclosing Party, is likely to cause injury to the commercial, financial, strategic, or business interests of such Disclosing Party or its employees, students, customers, or clients if disclosed to the other parties in this litigation, and any information or documents referring or relating to students for which there is any risk of an inadvertent disclosure of personally identifiable information protected from disclosure under the Family Educational Rights and Privacy Act (FERPA).

(d) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" information, documents, or other materials may be referred to collectively as "confidential information."

(e) Unless ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the action, in which this Order issued.

(f) In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute in accordance with Rule 37(a) of the Local Rules of the District Court for the District of Connecticut, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order operates to create an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law and Court rules.

(g) Information or documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:
    (1) The named parties to this action and their in-house attorneys;
    (2) Outside counsel of record working on this action on behalf of any party, as well as any paralegals, staff, stenographic, and clerical employees and contractors working under the direct supervision of such counsel, including but not limited to any electronic discovery vendors;
    (3) Consultants or experts retained by the requesting party or counsel of record to assist in this action and their employees, with disclosure only to the extent reasonably necessary to perform such work;
    (4) Any deponent: (i) if it appears that the deponent authored or received a copy of the confidential information; (ii) if it appears that the deponent was involved in the subject matter described therein; (iii) if the deponent is employed by the Disclosing Party; or (iv) if the Disclosing Party consents to such disclosure; and
    (5) The Court, jury, court reporters, and other persons connected with the Court; and
    (6) Any other person whom the Disclosing Party agrees in writing may have access to such confidential information.

(h) Information or documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" shall not be disclosed to any person, except:
  (1) Outside counsel of record working on this action on behalf of any party as well as any paralegals, staff, stenographic, and clerical employees and contractors working under the direct supervision of such outside counsel, including but not limited to any electronic discovery vendors;
  (2) No more than (4) in-house counsel for each party to whom disclosure is reasonably necessary for this litigation who have been approved for access by the opposing party in advance (from whom approval will not be unreasonably withheld), and who have signed EXHIBIT A agreeing to be bound by the terms of this Order. Post may designate its Chief Regulatory Officer in lieu of one of the (4) in-house counsel described in this section, provided that the Chief Regulatory Officer signs EXHIBIT A agreeing to be bound by the terms of this Order;
  (3) Consultants or experts retained by the requesting party or counsel of record to assist in this action and their employees, with disclosure only to the extent reasonably necessary to perform such work;
  (4) Any deponent: (i) if it appears that the deponent authored or received a copy of the confidential information; (ii) if it appears that the deponent was involved in the subject matter described therein; (iii) if the deponent is employed by the Disclosing Party; or (iv) if the Disclosing Party consents to such disclosure
  (5) The Court, jury, court reporters, and other persons connected with the Court; and
  (6) Any other person whom the Disclosing Party agrees in writing may have access to such confidential information.

(i) Prior to disclosing or displaying the confidential information to any person, counsel shall:
  (1) inform the person of the confidential nature of the information or documents; and
  (2) inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

(j) The recipient of any confidential information shall use reasonable efforts to prevent any disclosure thereof, except in accordance with the terms of this protective order. All copies, reproductions, summarizations, extractions, and abstractions of confidential information shall be subject to the terms of this protective order and labeled in the same manner as the designated material upon which they are based.

(k) The confidential information may be displayed to and discussed with the persons identified in Paragraphs (g)(1), (3)-(4) and (6) and (h)(2)-(4) and (6)

only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

(l) For the purpose of Paragraphs (g)(4) and (5) and (h)(4) and (5), any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and such documents will be sealed by the Court only upon motion and in accordance with applicable law, including Rule 5(e) of the Local Rules of this Court. This Protective Order does not provide for the automatic sealing of any documents.

(m) The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to the attorney-client privilege, the work product doctrine, or the Family Educational Rights and Privacy Act (FERPA), and no party shall be held to have waived any rights by such inadvertent production.

    (1) If any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the Receiving Party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged; (b) immediately notify the Disclosing Party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or hash value range, and, (d) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts or compilations of the content thereof, within five (5) days of discovery by the Receiving Party. Where such documents cannot be destroyed or separated it shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Disclosing Party's documents to identify potentially privileged or work product protected documents.

    (2) Upon written notice of an unintentional production by the Disclosing Party, the Receiving Party must promptly return, sequester or destroy the specified document and any hard copies the Receiving Party has and may not use or disclose the information until the privilege claim has been resolved. The Disclosing Party shall also provide an updated privilege log for such documents.

    (3) To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the Receiving Party, then the Receiving Party will sequester such documents until the claim has been resolved. If the Receiving Party disclosed the specified documents before being notified of its inadvertent production, it must take reasonable steps to

      retrieve it. The Disclosing Party shall preserve the specified documents until the claim is resolved.

    (4) The Receiving Party shall have ten (10) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the Disclosing Party in writing of an objection to the claim of privilege and the grounds for that objection. The Receiving Party's return, sequestering or destruction of such privileged or protected documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the Disclosing Party did not take reasonable steps to prevent the disclosure of the privileged documents or that the Disclosing Party failed to take reasonable steps to rectify the error as set forth in Federal Rules of Civil Procedure 26(b)(5)(B).

    (5) Either party may submit the specified documents to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection. The Receiving Party may not use the documents for any purpose absent this Court's Order. Upon a determination by the Court that the specified documents are protected by the applicable privilege or evidentiary protection, and if the specified documents have been sequestered rather than returned or destroyed, the specified documents shall be returned or destroyed.

(n) At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than forty–five (45) days after entry of final judgment) returned to the Disclosing Party or certified as destroyed.

(o) The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.

(p) **SOURCE CODE**: The parties anticipate that production of confidential information in this case may include computer source code (hereinafter "Source Code"). To the extent production of Source Code becomes necessary in this case, a Disclosing Party may designate non-public Source Code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret Source Code.

(1) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs (h)(1)-(6) (the "Source Code Receiving Parties"), except Source Code designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall **not** be disclosed to in-house individuals designated under Paragraph h(2). This shall not preclude outside counsel, consultants, and experts from conferring with in-house individuals concerning the features and operation of Source Code designated under this paragraph to the extent necessary to understand claims and defenses in the case, provided in-house individuals are not given access to such Source Code designed as "HIGHLY CONFIDENTIAL – SOURCE CODE."

(2) Any Source Code produced in discovery shall be made available for inspection, in its native format and with each file retaining its original name, allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at the Disclosing Party's counsel's Austin, Texas, office, or another mutually agreed upon location. Recognizing that outside counsel and/or experts may require periodic access during the case, the Disclosing Party shall make reasonable accommodations to provide continued access to the source code, subject to notice and availability of the office. The Source Code Receiving Parties shall provide at least two business days' notice of its intent to inspect and the individuals expected to attend the inspection. The parties will endeavor to coordinate the inspection to take place within the two business days or as soon as practicable, but the Source Code Receiving Parties understand that the Disclosing Party cannot guarantee office availability without at least one week's notice. The source code shall be made available for inspection on at least two secured computers in a secured room without Internet access or network access to other computers, and the Source Code Receiving Parties shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The computers will come installed with Windows 10 and have the following additional software installed: Notepad++, Adobe Acrobat Reader, Chrome, and 7-Zip. Disclosing Party also agrees to install Visual Studio Code (open source), Windows Subsystem for Linux (Windows feature), Print to PDF (enabled in Windows), and Beyond Compare if Receiving Party obtains the appropriate license. Subject to Disclosing Party's approval, not to be unreasonably withheld, the Source Code Receiving Parties may request installation of additional reasonable software tools on said computers within a reasonable period of time. The Source Code Receiving Parties may use a laptop, tablet or electronic device without

Internet access or network access to other computers to take notes relating to the Source Code, but may not photograph, video or otherwise record or copy the source code using such devices. The Source Code Receiving Parties may not copy the source code into the notes. However, the notes may include filenames, function names, variable names, and line numbers. The Disclosing Party may use a human observer to visually monitor the activities of the Source Code Receiving Parties during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code. Visual monitoring does not include the use of any remote monitoring software installed on the review computer, including, for example, to capture keystrokes or record any portion of the Source Code review. To the extent the observer views the substance of the inspection efforts and/or the Source Code Receiving Parties' work product, the observer will not discuss that substance with Disclosing Party's counsel, except to the extent necessary to resolve a dispute regarding whether the inspection itself complies with the terms of this Protective Order.

(3) The Source Code Receiving Parties may request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (c) in the first instance. The Disclosing Party shall provide all such Source Code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Disclosing Party may challenge the amount of Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph (f).

(4) The Source Code Receiving Parties shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The Source Code Receiving Parties shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, except the Receiving Party may request electronic copies as necessary to reasonably create testifying expert's expert reports (including drafts thereof) and as required for documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically. Should electronic copies of Source Code be provided in this Section, such electronic copies shall be marked "HIGHLY CONFIDENTIAL - SOURCE CODE" and shall continue to be treated as such. The Source Code Receiving Parties shall only have

  additional paper copies or electronic copies made if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Party using such paper copies at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

 (5) To the extent that the function and operation of Source Code designated under section (p) cannot be reasonably or adequately determined under this above-process for reasons beyond the control of the Source Code Receiving Parties, the parties agree to meet and confer in good faith about whether additional access and/or inspection may be provided to the Source Code Receiving Parties. If a resolution cannot be reached, nothing in this Protective Order bars the parties from seeking or opposing relief from the Court.

(q) WEBSITE ACCESS: For the purposes of discovery in this case, Course Hero as a Disclosing Party may provide account credentials to one or more Receiving Party for accessing its website, www.coursehero.com, with free unlocks. The Parties agree that any such account credentials and website access provided for the purposes of discovery in this case shall not be subject to any terms and conditions of the website and any acceptance of terms and conditions by any authorized Receiving Party (including without limitation Post University, counsel for Post University, and any experts retained by Post University or its counsel for purposes of this litigation) is null and void. However, the Receiving Party shall use the account only for purposes of this litigation, shall not use the account in a way that would violate anyone's rights or the law, and, if the Receiving Party uploads any documents using the account, those uploaded documents will comply with Course Hero's policies regarding the types of documents that may be uploaded to Course Hero.

**Parties and counsel are advised that their claimed need for a more restrictive protective order does not relieve them from compliance with discovery requests in a timely fashion. It is counsel's responsibility to timely move for further protection based on confidentiality, if needed. If the Court has not ruled on any such motion when discovery is due, then the documents shall be produced by the deadline for "attorneys' eyes" only, pending decision by the Court. If exceptional circumstances exist in which production in this form would be irreparably prejudicial, counsel shall immediately advise the Court by letter.**

IT IS SO ORDERED.

_____
Janet Bond Arterton, Senior U.S.D.J.

Dated at New Haven, Connecticut this ____ day of _____ 2023.

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Post University, Inc. v. Course Hero, Inc.*, Case No. 3:21-cv-01242 have been designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE.  I have been informed that any such documents or information are confidential by Order of the Court.

I hereby agree that I will not disclose any such information contained in such documents to any other person, except as permitted by the protective order entered in this action.  I agree to use reasonable efforts to prevent any disclosure thereof, except in accordance with the terms of the protective order entered in this action.  I agree that to the extent I make any copies, reproductions, summarizations, extractions, and/or abstractions of such confidential information, I shall treat them and label them in the same manner as the designated material upon which they are based. I further agree not to use any such information for any purpose other than this litigation.

_____DATED: _____

*Signed in the presence of:*

_____

(Attorney)