# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **POST UNIVERSITY, INC.,** | **Case No. 3:21-cv-01242** |
| **Plaintiff,** | |
| **v.** | |
| **COURSE HERO, INC.,** | |
| **Defendant.** | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF
REQUESTS FOR PRODUCTION (27-46)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26, Defendant Course Hero, Inc. ("Course Hero") hereby objects and responds to Plaintiff Post University, Inc.'s ("Post University") Second Set of Requests for Production to Defendant (27-46) ("Request(s)").

## INTRODUCTORY RESPONSE

Course Hero responds to the Requests on the basis of the best information available to it at the time the responsive information was gathered, within the limits of time, and subject to the objections described below.  Course Hero responds to the Requests as it interprets and understands each Request set forth herein.  If Post University subsequently asserts an interpretation of any of the Requests that differs from Course Hero's understanding, Course Hero reserves the right to supplement its objections and/or responses.

Course Hero's willingness to respond to any particular Request does not constitute an admission that Course Hero agrees with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgement by Course Hero that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion.  Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that Course Hero knows any such document exists or is in its possession, custody, or control.

Course Hero's responses to the Requests contain, provide, or refer to information that is protected under the Protective Order entered in this matter and should therefore be treated accordingly.

Course Hero has not yet completed its discovery relating to this case and its investigation of the facts is ongoing.  Course Hero anticipates that additional information responsive to the

Requests may be obtained as discovery proceeds.  Course Hero's responses to the Requests are therefore made without prejudice to Course Hero's right to amend, correct or supplement its responses to the Requests.

**<u>GENERAL OBJECTIONS</u>**

1.      Course Hero objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they:

a.      call for the discovery of information protected by the attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege or immunity under federal, state or local law.  The inadvertent production of any information that is privileged or otherwise protected from discovery shall not constitute a waiver of any such privilege or protection;

b.      are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, overlapping, or duplicative;

c.      require disclosure of information that is neither relevant to the claims or defenses of any party in this action, nor proportional to the needs of the case;

d.      purport to require the disclosure of information already in the possession of Post University, available from public sources, as accessible to Post University as to Course Hero, or obtainable from another source that is more convenient, less burdensome or less expensive.  Course Hero provides these responses with the understanding that Post University already has access to such sources, including all materials on Course Hero's website;

e.      attempt to impose burdens that exceed or are different from the requirements of the Federal Rules of Civil Procedure and/or the applicable Local Rules, and relevant case law.  Course Hero will comply with its obligations under the Federal and Local

2

Rules, but will not comply with Instructions that are inconsistent with, or impose obligations beyond, applicable rules. Course Hero stands ready to meet and confer to discuss the best and most efficient way to conduct discovery bilaterally;

       f.      call for information concerning documents that are no longer in existence or reasonably accessible, or documents not in Course Hero's possession, custody, or control. Course Hero will only provide relevant, non-privileged information that is within Course Hero's present possession, custody, or control and available after a reasonable investigation;

       g.      imprecisely specify the information sought. Where imprecise terms are used, Course Hero will, therefore, provide only information that is responsive to the Request based on Course Hero's interpretation of the Request;

       h.      seek information concerning "all documents and things," or the like on the basis that providing a response to such Requests would be unduly burdensome;

       i.      are not limited to a reasonable time period. Course Hero will produce documents from a reasonable time period as it relates to the case;

       j.      purport to impose a duty on Course Hero (a company with over 300 employees in the United States and other countries) to undertake a search for information beyond a reasonable search of its files as it relates to this case and where information responsive to the Request would reasonably be expected to be stored in the ordinary course of business;

       k.      seek discovery in violation of any applicable law;

       l.      are premature and require claim construction and/or the disclosure of expert discovery, opinions or analysis;

       m.      seek information that is the confidential and proprietary information of a third party, the joint confidential and proprietary information of Course Hero and a third party, or

the subject of a non-disclosure/confidentiality agreement between Course Hero and a third party. Course Hero will produce third-party confidential documents as set forth herein, subject to the terms of the protective order entered by the Court; or

n.      seek information that is more efficiently or appropriately obtained through some other form of discovery.

2.      Where the Request includes words and concepts involving a legal conclusion, any response is not an admission that such legal conclusions apply.

3.      Course Hero reserves all objections to the competency, relevance, materiality, or admissibility at trial or any other proceeding of any information provided or document identified in response to the Requests.  The identification of any document or the provision of any information does not constitute an admission that such document or information exists or is relevant to the pending litigation.

4.      Course Hero objects to Post University's definition of "Defendant," "Course Hero," and "You" to the extent it purports to include "each of its predecessors, successors, divisions, subsidiaries, and affiliates" as overly broad, unduly burdensome and disproportionate to the needs of this case and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.  Course Hero will construe these terms to refer to Defendant Course Hero, Inc. only.

5.      Course Hero objects to Post University's definition of "Plaintiff" and "Post University" to the extent it purports to include "each of its predecessors, successors, divisions, subsidiaries, and affiliates" as overly broad, unduly burdensome and disproportionate to the needs of this case and beyond the scope of permissible discovery under the Federal Rules of

Civil Procedure.  Course Hero will construe these terms to refer to Plaintiff Post University, Inc. only.

6.      Course Hero objects to the requested production date as unreasonably burdensome.  Course Hero will produce documents at a reasonable time consistent with the case schedule.

7.      Course Hero objects to each Request to the extent that it seeks trade secrets or confidential or proprietary information of Course Hero.  Course Hero will produce confidential documents as set forth herein, subject to the terms of the Protective Order entered by the Court.

8.      Course Hero objects to the production of electronically stored information before an applicable ESI protocol has been entered.  Course Hero will produce electronically stored information as set forth herein, subject to the terms of an ESI protocol to be agreed upon by the parties.

9.      Course Hero objects to the instruction that purports to require Course Hero to identify documents that have been destroyed or discarded in the ordinary course of business. Course Hero will not identify such documents, as the requests to do so is unreasonably burdensome and not proportional to the needs of this case.

10.     Course Hero objects to the instruction that purports to require Course Hero to describe documents withheld from production, regardless of the reason they are being withheld, including for example based on the reasons Course Hero identifies in response to a specific request for production.

Without waiving the foregoing General Objections but in express reliance thereon, Course Hero incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 27:

All documents concerning Course Hero's subscriber base from 2015 to present, including but not limited to documents identifying the total and monthly number(s) of: subscribers, subscribers by academic institution, documents uploaded and downloaded per subscriber, previews generated and/or viewed per subscriber, and additional unlocks purchased per subscriber, and the revenue associated with additional unlocks.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Course Hero objects to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case, for instance to the extent this Request seeks the number of previews generated and/or viewed per subscriber. Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations. Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce non-privileged documents sufficient to show from September 17, 2018 to the present the total number of subscribers per year and the total number of subscribers who associated their accounts with Post University or American Sentinel University per year, the total number of documents uploaded and downloaded per subscriber who associated their account with Post University or American Sentinel University per year, and the total number of additional unlocks purchased per subscriber who associated their account with Post University or American Sentinel University per year, to the extent such documents are in Course Hero's

possession, custody or control and can be located after a reasonable search.  For revenue-related documents, Course Hero directs Plaintiff to its response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 28:**

All documents concerning the number of documents uploaded to and downloaded from Course Hero platform for each academic institution referenced on the Course Hero website, including total upload and downloads and monthly uploads and downloads per academic institution from 2015 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Course Hero objects to the request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case.  Course Hero objects to the request as vague with respect to the term "for each academic institution," and interprets that term to mean documents tagged with a particular institution.  Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations.  Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce non-privileged documents sufficient to show the annual number of documents uploaded to and downloaded from Course Hero's website and the annual number of documents uploaded to and downloaded from Course Hero's website that are associated by the uploader with Post University or American Sentinel University from September 17, 2018 to the present, to the extent such documents are in Course Hero's possession, custody or control and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 29:**

All documents concerning Course Hero's revenues from 2015 to present, including but not limited to all summary accounting records and/or internal financial reports (reported monthly or quarterly), summary accounting records and/or internal financial reports by geographical area, summary accounting records and/or internal financial reports by product/service and/or business unit, and any and all documents identifying revenue-per-subscriber, revenues per preview, view, download, and/or unlock, total revenue realized (gross and net), margins information (gross margin, operating margin, net margin), and all related discounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Course Hero objects to the request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case.  Course Hero objects to this Request as vague, in particular with respect to the terms "summary accounting record," "internal financial report," and "related discount."  Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations.  Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce non-privileged documents sufficient to show annual revenues from September 17, 2018 to the present from subscriptions, à la carte unlocks, and à la carte answers to questions from users who associated their accounts with Post University or American Sentinel University, to the extent such documents are in Course Hero's possession, custody or control and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 30:**

All documents concerning Course Hero's profitability from 2015 to present, including but not limited documents identifying Course Hero's total profitability and profitability by

product/service and/or business unit, including but not limited to documents identifying costs associated with each of Course Hero's products/services, all variable and fixed costs attributable to each of Course Hero's products/services, and all Profit and Loss and/or Income Statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Course Hero objects to the request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case. Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations.  Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce non-privileged documents sufficient to show Course Hero's profit and loss statements and income statements from September 17, 2018 to the present, to the extent such documents are in Course Hero's possession, custody or control and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 31:**

All documents concerning any licenses granted to or by Course Hero, including but not limited to any and all intellectual property and/or technology licenses and license agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Course Hero objects to the request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case, for instance, to the extent it seeks documents concerning licenses to any intellectual property or technology unrelated to the works in suit. Course Hero objects to this Request as vague and overly broad with respect to the term "licenses," and interprets that terms to refer to copyright and trademark licenses for documents uploaded to or otherwise available on Course Hero's website.  Course Hero objects to this

Request to the extent it is not limited to a time period within the relevant statute of limitations. Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero responds as follows:  Course Hero receives, pursuant to the terms of service (which has been produced), a license to all documents uploaded to the Course Hero website.  Course Hero has not otherwise granted or received any licenses pertaining to the works in suit.

**REQUEST FOR PRODUCTION NO. 32:**

All documents concerning marketing plans and/or marketing strategies including but not limited to documents referring to relating to target markets, descriptions of Course Hero's actual and/or proposed product and/or service offerings, selling points of Course Hero's product and/or service offerings, competitor analyses including competitive advantages and/or disadvantages of Course Hero or its competitors, market research, actual and/or projected market penetration and segmentation, and/or market surveys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Course Hero objects to the request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case.  Course Hero objects to this Request as vague, for instance with respect to the terms "marketing plans," "marketing strategies," and "selling points."  Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations.  Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.  Course Hero objects to this Request to the extent it seeks documents within Post University's possession or publicly-available documents.  The Request thus falls outside the scope of permissible discovery under

Federal Rule of Civil Procedure 26. Course Hero objects to this Request as duplicative of Request for Production No. 13 and so directs Plaintiff to Course Hero's response to that Request.

**REQUEST FOR PRODUCTION NO. 33:**

All documents concerning sales plans and strategies, including but not limited to sales presentations, internal presentations/reports to management about sales performance over time, advertising and promotional materials including print and media advertisements, customer feedback, customer surveys, and customer reviews.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Course Hero objects to the request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case.  Course Hero objects to this request as vague, for instance with respect to the terms "sales plans and strategies," "sales presentations," and "sales performance."  Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations.  Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce non-privileged documents sufficient to show internal forecasts for subscriber revenues and a representative set of customer surveys for September 17, 2018 to the present, to the extent such documents are in Course Hero's possession, custody or control and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:**

All documents concerning any business plans including but not limited to business plans and presentations and documents identifying estimates/analyses of demand for Course Hero's products/services, distribution channels of Course Hero's products/services, sales teams and

processes, projected selling prices of subscriptions by month/quarter/year, projected sales or income by month/quarter/year, projected profitability of subscriptions by month/quarter/year, product/service timelines, estimates of market penetration, cost analyses, industry reports related to Course Hero, Course Hero's industry, and Course Hero's product and service offerings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Course Hero objects to the request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case. Course Hero objects to this Request as vague, for instance with respect to the term "business plans." Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations.  Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce non-privileged annual business plans for September 17, 2018 to the present, to the extent such documents are in Course Hero's possession, custody or control and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 35:**

All documents referring or relating to any valuations of Course Hero, including but not limited to internal and external valuations, presentations to existing and potential investors, and any and all materials used to raise capital (equity or debt).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Course Hero objects to the request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case.  Course Hero objects to this Request as vague, for instance, with respect to the terms "valuations," "presentations to existing and potential investors," and "materials used to raise capital."  Course Hero objects to this Request to the

extent it is not limited to a time period within the relevant statute of limitations.  Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce documents sufficient to show formal external valuations of Course Hero and materials sent to potential acquisition targets or potential investors reflecting any internal or external valuations of Course Hero as a company, to the extent such documents are in Course Hero's possession, custody, or control and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 36:**

All documents referring or relating to any value ever estimated, calculated, and/or assigned by Course Hero, or represented to any third party, of a document, group of documents, and/or the entire Course Hero library of documents available on the Course Hero website.

**RESPONSE TO REQUEST FOR PRODUCTION NO.36:**

Course Hero objects to the request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case.  Course Hero objects to this Request as vague and overly broad, for instance, with respect to the term "any value ever estimated, calculated, and/or assigned."  Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations.  Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.  Course Hero objects to this request as duplicative of Request No. 35.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce non-privileged documents sufficient to show the estimated value of a single

document on Course Hero's website, to the extent such documents are in Course Hero's possession, custody or control and can be located after a reasonable search.  Course Hero has never obtained a valuation of the works in suit specifically.

**REQUEST FOR PRODUCTION NO. 37:**

All documents in the possession of or otherwise accessible by Gregor Carrigan, Jason Wentworth, any of their predecessors or direct reports concerning Preview Pages and/or implementing Preview Pages, and any documents referred to or relied on in answering interrogatory no. 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Course Hero objects to the request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case. Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations.  Course Hero objects to this Request as vague, for instance with respect to the terms "otherwise accessible" and "concerning Preview Pages and/or implementing Preview Pages." Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection. Course Hero objects to this Request as duplicative of Request No. 14.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce non-privileged documents sufficient to show, and communications relating to, how previews have been generated and displayed on Course Hero's website from September 17, 2018 to the present, to the extent such documents are in Course Hero's possession, custody, or control and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 38:**

All documents in the possession of or otherwise accessible by Course Hero's compliance team concerning compliance with 17 U.S.C. 512, including but not limited to documents

referring or relating to Course Hero's past and present policies and procedures for handling takedown notices, Course Hero's past and present policies and procedures for addressing, communicating with, and/or terminating users who post allegedly infringing works, all summaries, reports, and/or statistics regarding the number of takedown notices received and the number of user's accounts that have been terminated, template emails and/or communications for notifying, warning, and/or terminating users, and any documents referred to or relied on in answering interrogatory no. 7.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Course Hero objects to the request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case. Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations.  Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.  Course Hero objects to this Request as duplicative of Request No. 18.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce responsive, non-privileged or otherwise protected documents that are in its possession, custody, or control, and are located after a reasonable search, that are sufficient to show Course Hero's compliance with the DMCA.  Course Hero additionally directs Plaintiff to its responses to Interrogatories Nos. 7 and 9.

**REQUEST FOR PRODUCTION NO. 39:**

All documents in the possession of or otherwise accessible by Chris Chew, Terry Park, any of their predecessors or direct reports concerning the review and/or processing of Post University's January 6, 2021 letter and Post University's February 24, 2021 letter, and any documents referring or relating to any actions taken in response thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Course Hero objects to the request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case.  Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations.  Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.  Course Hero objects to this Request as duplicative of Request No. 7.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce non-privileged communications before the filing of the complaint regarding the January 6, 2021 and February 24, 2021 letters from Post University's counsel to Course Hero to the extent such communications are in Course Hero's possession, custody, or control and can be located after a reasonable search.  Course Hero interprets this Request to exclude communications with outside litigation counsel, and any actions, if any, taken at the direction of litigation counsel.

**REQUEST FOR PRODUCTION NO. 40:**

All documents concerning any manual review for potential infringement (as referred to in Course Hero's response to interrogatory no. 9) of any documents referring or relating to or tagged as Post University, that occurred between January 6, 2021 and September 17, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Course Hero objects to the request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case.  Course Hero objects, for instance, to this Request as irrelevant because it seeks evidence of a subsequent remedial measure after the receipt of the letters from Post dated January 6, 2021 and February 24, 2021.  Course Hero further objects, for instance, to this Request as overly broad and unduly burdensome because Course Hero does not maintain documents concerning manual review of any documents referring or relating to or

associated by the uploader with Post University or American Sentinel University in its regular course of business.  Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations.  Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.  Course Hero objects to this Request as duplicative of Request No. 7.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce Zendesk tickets regarding the manual review and takedown of documents referred to in the January 6, 2021 and February 24, 2021 letters from Post University's counsel to Course Hero.  Course Hero has also likely performed manual review of certain documents associated by the uploader with Post University and/or American Sentinel University through its normal processes not specific to Post University or American Sentinel University, and will produce documents sufficient to show the training for individuals performing such manual review.  Course Hero further responds that there was no other manual review of documents referring or relating to or tagged as Post University that occurred between January 6, 2021 and September 17, 2021.

**REQUEST FOR PRODUCTION NO. 41:**

All documents referring or relating to the "filtering software" referred to in Course Hero's response to interrogatory no. 7.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Course Hero objects to the request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of this case.  Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations.  Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the

common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce non-privileged documents sufficient to show the existence and function of Course Hero's copyright filter.

**REQUEST FOR PRODUCTION NO. 42:**

A copy of the "educational video" referred to in Course Hero's response to interrogatory no. 7 and any documents referring or related thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO.  42:**

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero responds as follows:  Course Hero's response to Interrogatory No. 7 was mistaken.  Course Hero's current policy is to require that users with one strike pass a quiz—rather than watch an educational video—regarding the importance of respecting intellectual property rights before the user may post any additional materials to Course Hero.  Course Hero will produce the aforementioned quiz and provide a corrected response to Plaintiff's Interrogatory No. 7.

**REQUEST FOR PRODUCTION NO. 43:**

All documents referring or relating to the "tools" that Course Hero allegedly uses to prevent infringing content from appearing on its website as described in Course Hero's response to interrogatory no. 9, including but not limited to documents describing the tools, documents concerning all disclosures to and offerings of these tools to rights holders, documents identifying the number of rights holders who have been offered and/or use these tools, and any statistics and/or reports concerning the use of such tools.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Course Hero objects to the request as overly broad, unduly burdensome, and disproportionate to the needs of this case.  Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations.  Course Hero objects to this

Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection. Course Hero objects to this Request as duplicative of Request No. 18.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce non-privileged documents sufficient to show the existence and function of the tools Course Hero uses to prevent infringing content from appearing on its website as described in Course Hero's response to Interrogatory No. 9, as well as the free access and Pinpoint tools described in Course Hero's response to Interrogatory No. 10, to the extent such documents are in Course Hero's possession, custody, or control and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 44:**

All documents concerning Course Hero's training of employees to use its 'internal reporting feature' as described in Course Hero's response to interrogatory no. 9, including but not limited to documents concerning all training documents and/or videos and any statistics and/or reports concerning the use of the internal reporting feature.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Course Hero objects to the request as overly broad, unduly burdensome, and disproportionate to the needs of this case. Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations. Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection. Course Hero objects to this Request as duplicative of Request No. 18.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce non-privileged documents sufficient to show materials used to train employees on its internal reporting feature as described in Course Hero's response to

Interrogatory No. 9, to the extent such documents are in Course Hero's possession, custody, or control and can be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 45:

For each of the documents produced as CH0194165-CH0478650, documents sufficient to show the number of times a corresponding or related Preview Page has been generated and displayed, the date(s) the Preview Pages have been displayed, and the users to which the Preview Pages have been displayed.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

Course Hero objects to the request as overly broad, unduly burdensome, and disproportionate to the needs of this case, for instance to the extent this Request seeks the "users to which the Preview Pages have been displayed." Course Hero objects to this Request as overly burdensome because Course Hero's Interrogatory No. 4 regarding the works in suit has been outstanding since March 11, 2022, and still remains unanswered. Additionally, Course Hero maintains that at least the documents containing the search terms "Prioritization of Care", "Patient Management Delegation", and "Telehealth Case Study Series" are not relevant or proportional to the needs of the case. Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations. Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce non-privileged documents sufficient to show the number of times a Preview Page for a work in suit, once identified by Plaintiff, has been displayed to a user and the dates of those displays. Course Hero's agreement to produce documents is conditioned on Post fully

answering Interrogatory No. 4 by no later than October 7, 2022, and on Post identifying only a reasonable number of works.

**REQUEST FOR PRODUCTION NO. 46:**

For each of the documents identified in CH0000001, documents sufficient to show the number of times a corresponding or related Preview Page has been generated and displayed, the date(s) the Preview Pages have been displayed, and the users to which the Preview Pages have been displayed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Course Hero objects to the request as overly broad, unduly burdensome, and disproportionate to the needs of this case, for instance to the extent this Request seeks the "users to which the Preview Pages have been displayed." Course Hero objects to this Request as untimely because Course Hero's Interrogatory No. 4 regarding the works in suit has been outstanding since March 11, 2022, and still remains unanswered. Course Hero objects to this Request to the extent it is not limited to a time period within the relevant statute of limitations. Course Hero objects to this Request to the extent it seeks information protected by the attorney-client privilege, including the common-interest privilege, the work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving Course Hero's General and Specific Objections, Course Hero will produce non-privileged documents sufficient to show the number of times a Preview Page for a work in suit, once identified by Plaintiff, has been displayed to a user and the dates of those displays. Course Hero's agreement to produce documents is conditioned on Post fully answering Interrogatory No. 4 by no later than October 7, 2022, and on Post identifying only a reasonable number of works.

Dated:  October 5, 2022                    AS TO OBJECTIONS.

By: _____

Allyson R. Bennett (Admitted *pro hac vice*)
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA 90013
Telephone:    213-992-4499
Facsimile:    415-236-6300
Email: abennett@durietangri.com

Attorneys for Defendant
COURSE HERO, INC.

## PROOF OF SERVICE

I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is 217 Leidesdorff Street, San Francisco, CA 94111.

On October 5, 2022, I served the following documents in the manner described below:

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION (27-46)**

☒    (BY ELECTRONIC SERVICE) By electronically mailing a true and correct copy through Durie Tangri's electronic mail system from adupree@durietangri.com to the email addresses set forth below.

On the following part(ies) in this action:

Benjamin J. Lehberger                Timothy Andrew Johnson
DILWORTH IP, LLC                     GETZ BALICH LLC
2 Corporate Drive, Suite 206         10 Waterside Drive, Suite 205
Trumbull, CT 06611                   Farmington, CT 06032
Email:  blehberger@dilworthip.com    Email: tjohnson@getzbalich.com
                                            shenry@getzbalich.com
*Attorney for Plaintiff*
*Post University, Inc.*               *Attorney for Plaintiff*
                                     *Post University, Inc.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 5, 2022, at Oakland, California.

_____
                              Andréa M. Duprée