# EXHIBIT B

2025 WL 744032
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

Richard KADREY, et al., Plaintiffs,

v.

META PLATFORMS, INC., Defendant.

Case No. 23-cv-03417-VC
|
Signed March 7, 2025

## Attorneys and Law Firms

Joseph R. Saveri, Aaron Cera, Cadio R. Zirpoli, Christopher K.L. Young, Holden J. Benon, Louis Andrew Kessler, Margaux Poueymirou, Melissa Tribble, Joseph Saveri Law Firm, LLP, San Francisco, CA, David Boies, Pro Hac Vice, Boies Schiller Flexner LLP, Armonk, NY, David L. Simons, Pro Hac Vice, Boies Schiller Flexner LLP, New York, NY, David A. Straite, DiCello Levitt LLP, New York, NY, Jay Schuffenhauer, Pro Hac Vice, Jesse Michael Panuccio, Pro Hac Vice, Boies Schiller Flexner LLP, Washington, DC, Joshua I. Schiller, Joshua Michelangelo Stein, Maxwell V. Pritt, Boies Schiller Flexner LLP, San Francisco, CA, Kathleen Jordan McMahon, Sidran Law Corp, San Ramon, CA, Madeline E. Hills, Pro Hac Vice, DiCello Levitt LLP, Chicago, IL, Matthew Butterick, Matthew Butterick, Attorney at Law, Los Angeles, CA, Mohammed Rathur, Cafferty Clobes Meriwether & Sprengel, LLP, Chicago, IL, for Plaintiffs Richard Kadrey, Sarah Silverman, Christopher Golden.

Bryan L. Clobes, Alexander Sweatman, Mohammed Rathur, Cafferty Clobes Meriwether & Sprengel, LLP, Chicago, IL, Daniel Jerome Muller, Ventura Hersey & Muller, LLP, San Jose, CA, Aaron Cera, Christopher K.L. Young, Margaux Poueymirou, Melissa Tribble, Joseph R. Saveri, Joseph Saveri Law Firm, LLP, San Francisco, CA, David Boies, Pro Hac Vice, Boies Schiller Flexner LLP, Armonk, NY, David L. Simons, Pro Hac Vice, Boies Schiller Flexner LLP, New York, NY, David A. Straite, DiCello Levitt LLP, New York, NY, Jay Schuffenhauer, Pro Hac Vice, Jesse Michael Panuccio, Pro Hac Vice, Boies Schiller Flexner LLP, Washington, DC, Joshua I. Schiller, Joshua Michelangelo Stein, Maxwell V. Pritt, Boies Schiller Flexner LLP, San Francisco, CA, Madeline E. Hills, Pro Hac Vice, DiCello Levitt LLP, Chicago, IL, for Plaintiffs Jacqueline Woodson, Andrew Sean

Greer, Rachel Louise Snyder, David Henry Hwang, Ta-Nehisi Coates, Laura Lippman, Matthew Klam, Junot Diaz.

Adam J. Levitt, Amy E. Keller, James Arthur Ulwick, DiCello Levitt LLP, Chicago, IL, Greg G. Gutzler, David A. Straite, DiCello Levitt LLP, New York, NY, Seth Haines, Timothy Hutchinson, Rmp LLP, Springdale, AR, Brian O. O'Mara, DiCello Levitt LLP, San Diego, CA, David Boies, Pro Hac Vice, Boies Schiller Flexner LLP, Armonk, NY, David L. Simons, Pro Hac Vice, Boies Schiller Flexner LLP, New York, NY, Jesse Michael Panuccio, Pro Hac Vice, Boies Schiller Flexner LLP, Washington, DC, Joshua I. Schiller, Joshua Michelangelo Stein, Maxwell V. Pritt, Boies Schiller Flexner LLP, San Francisco, CA, Lisa Geary, Quinn Emanuel Urquhart & Sullivan LLP, New York, NY, for Plaintiffs Mike Huckabee, Relevate Group, John Blase.

Amy E. Keller, James Arthur Ulwick, DiCello Levitt LLP, Chicago, IL, Greg G. Gutzler, David A. Straite, DiCello Levitt LLP, New York, NY, Seth Haines, Timothy Hutchinson, Rmp LLP, Springdale, AR, Brian O. O'Mara, DiCello Levitt LLP, San Diego, CA, David Boies, Pro Hac Vice, Boies Schiller Flexner LLP, Armonk, NY, David L. Simons, Pro Hac Vice, Boies Schiller Flexner LLP, New York, NY, Jesse Michael Panuccio, Pro Hac Vice, Boies Schiller Flexner LLP, Washington, DC, Joshua I. Schiller, Joshua Michelangelo Stein, Maxwell V. Pritt, Boies Schiller Flexner LLP, San Francisco, CA, Lisa Geary, Quinn Emanuel Urquhart & Sullivan LLP, New York, NY, for Plaintiffs David Kinnaman, Tsh Oxenreider.

Adam J. Levitt, Amy E. Keller, James Arthur Ulwick, Nada Djordjevic, Pro Hac Vice, Madeline E. Hills, Pro Hac Vice, DiCello Levitt LLP, Chicago, IL, Brian O. O'Mara, DiCello Levitt LLP, San Diego, CA, Christopher K.L. Young, Melissa Tribble, Joseph R. Saveri, Joseph Saveri Law Firm, LLP, San Francisco, CA, David Boies, Pro Hac Vice, Boies Schiller Flexner LLP, Armonk, NY, David L. Simons, Pro Hac Vice, Boies Schiller Flexner LLP, New York, NY, David A. Straite, DiCello Levitt LLP, New York, NY, Jay Schuffenhauer, Pro Hac Vice, Jesse Michael Panuccio, Pro Hac Vice, Boies Schiller Flexner LLP, Washington, DC, Joshua I. Schiller, Joshua Michelangelo Stein, Margaux Poueymirou, Maxwell V. Pritt, Boies Schiller Flexner LLP, San Francisco, CA, Mohammed Rathur, Cafferty Clobes Meriwether & Sprengel, LLP, Chicago, IL, for Plaintiff Lysa TerKeurst.

Betsy A. Sugar, Pro Hac Vice, Kenneth S. Byrd, Pro Hac Vice, Lieff, Cabraser, Heimann and Bernstein LLP, Nashville, TN, Daniel M. Hutchinson, Lieff Cabraser Heimann &

Bernstein, LLP, San Francisco, CA, Danna Z. Elmasry, Lieff Cabraser Heimann & Bernstein, LLP, New York, NY, Jay Schuffenhauer, Pro Hac Vice, Jesse Michael Panuccio, Boies Schiller Flexner LLP, Washington, DC, Joshua Michelangelo Stein, Maxwell V. Pritt, Boies Schiller Flexner LLP, San Francisco, CA, Margaux Poueymirou, Melissa Tribble, Joseph Saveri Law Firm, LLP, San Francisco, CA, David Boies, Boies Schiller and Flexner, Armonk, NY, for Plaintiff Christopher Farnsworth.

Bobby A. Ghajar, Colette Ani Ghazarian, Cooley LLP, Santa Monica, CA, William Thomas Marks, Kannon K. Shanmugam, Pro Hac Vice, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Washington, DC, Angela Dunning, Cleary Gottlieb Steen & Hamilton LLP, Palo Alto, CA, Anna Manchester Stapleton, Paul, Weiss, Rifkind, Wharton & Garrison LLP, San Francisco, CA, Cole Augustus Poppell, Pro Hac Vice, Phillip Edward Morton, Pro Hac Vice, Cooley LLP, Washington, DC, Elizabeth Lee Stameshkin, Juan Pablo Gonzalez, Judd D. Lauter, Matthew J. Brigham, Pro Hac Vice, Cooley LLP, Palo Alto, CA, Kathleen R. Hartnett, Cooley LLP, San Francisco, CA, Mark Alan Lemley, Lex Lumina PLLC, New York, NY, Teresa Lauren Harrold Michaud, Cooley LLP, Los Angeles, CA, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

Re: Dkt. No. 413

VINCE CHHABRIA, United States District Judge

**\*1** The motion to dismiss is granted as to the CDAFA claim and denied as to the DMCA claim. This order assumes the reader's familiarity with the facts, procedural history, governing law, and arguments made by the parties.

*1. DMCA.* The plaintiffs have alleged a sufficient injury for Article III standing. Although "the specific right created by the DMCA may be comparatively new," Meta's removal of copyright management information is an interference with a property right that is closely related to the "kind of property-based harms traditionally actionable in copyright." *The Intercept Media, Inc. v. OpenAI, Inc.*, 2025 WL 556019, at \*5–6 (S.D.N.Y. Feb. 20, 2025). *But see Raw Story Media, Inc. v. OpenAI, Inc.*, 2024 WL 4711729, at \*3–4 (S.D.N.Y. Nov. 7, 2024). The removal of CMI is thus a concrete injury for standing purposes.

Moreover, the plaintiffs allege that the CMI removal facilitated and concealed actual infringement of their copyrights. Copyright infringement is obviously a concrete injury sufficient for standing. So even if the CMI removal isn't sufficiently concrete, the plaintiffs have alleged a different injury that is traceable to the CMI removal.

Meta argues that these injuries don't suffice for standing because the DMCA protects different "interests" than traditional copyright law, and standing requires an injury that is closely related to a harm traditionally recognized as providing a basis for a lawsuit. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 422–30 (2021); *Raw Story*, 2024 WL 4711729, at \*3. It's not clear that Meta is completely right about the goals of the DMCA. *See Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 172 n.2 (2d Cir. 2020) ("purpose of the DMCA" is "to provide broad protections to copyright owners"). But in any event, whether the DMCA seeks to prevent the exact injuries the plaintiffs allege is a separate question from whether the plaintiffs have been concretely injured by Meta's CMI removal. Article III standing requires that the injury to the plaintiff—not their cause of action or the statute under which it arises—have a close relationship to a traditional harm. *TransUnion*, 594 U.S. at 424. The DMCA's purpose might be relevant to the merits of their claim, or to whether the plaintiffs fall within the statute's zone of interests. But it is irrelevant to whether the plaintiffs have suffered a concrete injury. *See, e.g., ThermoLife International, LLC v. BPI Sports, LLC*, 2022 WL 612669, at \*1–2 (9th Cir. Mar. 2, 2022) (discussing differences between standing and zone-of-interests test).

Although it's a closer call, the plaintiffs have also stated a claim under 17 U.S.C. § 1202(b)(1). The plaintiffs have not plausibly alleged that Meta's CMI removal enabled or facilitated infringement. The fact that removing CMI might make the plaintiffs' books work better as training data does not mean that removing CMI made it easier for Meta to commit copyright infringement. And as the plaintiffs seem to concede, the complaint does not adequately allege that the CMI removal would or did aid infringement by anyone other than Meta.

**\*2** But the plaintiffs have adequately alleged that Meta intentionally removed CMI to conceal copyright infringement. The plaintiffs allege that Meta "knew that Llama was especially 'prone' to memorizing and generating outputs of CMI unless CMI was removed from" its training

data. They also allege that Meta took a number of other steps to reduce the likelihood that Llama would generate outputs that would reveal or indicate that copyrighted material was included in training datasets. Taken together, these allegations raise a "reasonable, if not particularly strong, inference" that Meta removed CMI to try to prevent Llama from outputting CMI and thus revealing that it was trained on copyrighted material. *Friedman v. Live Nation Merchandise, Inc.*, 833 F.3d 1180, 1189 (9th Cir. 2016). This use of copyrighted material is clearly an identifiable (alleged) infringement. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673–75 (9th Cir. 2018). And that Meta voluntarily revealed that an early Llama model was trained on a particular dataset containing copyrighted material doesn't mean that it would have had no reason to hide the use of other such datasets to train later models. [1]

---

[1] As discussed at the hearing, this motion comes in an odd posture because it follows over a year of discovery. Nevertheless, because it is a ruling on a motion to dismiss, this order considers only the facts pled in the complaint, accepts those facts as true, and draws all reasonable inferences in the plaintiffs' favor.

*2. CDAFA.* The CDAFA claim is dismissed without leave to amend because it is preempted. The plaintiffs do not allege that Meta accessed their computers or servers—only their data (in the form of their books). And the only reason that the books Meta acquired could plausibly be considered the plaintiffs' data is because the plaintiffs own the copyrights on those books. If, by contrast, the plaintiffs' books were in the public domain, the plaintiffs would have no CDAFA claim against Meta, because there would be no reason that Meta would have needed their permission to download the books. So there is no way to understand the plaintiffs' CDAFA claim as based on any right that is "qualitatively different" from the plaintiffs' rights under the Copyright Act. *See Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1019 (9th Cir. 2017). [2]

---

[2] Although giving notice to the state attorney general might be the "better practice," it wasn't required here because holding the plaintiffs' claim preempted still leaves CDAFA "in force in most of its domain." *United States v. Zadeh*, 820 F.3d 746, 755 (5th Cir. 2016).

**IT IS SO ORDERED.**


**All Citations**

Slip Copy, 2025 WL 744032

---

© 2025 Thomson Reuters. No claim to original U.S. Government Works.