UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| POST UNIVERSITY, INC.,<br><br>             Plaintiff,<br><br>  v.<br><br>LEARNEO, INC.,<br><br>             Defendant. | Case No. 3:21-cv-01242-VDO<br><br><br>APRIL 8, 2024 |

**DEFENDANT LEARNEO, INC.'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

      Defendant Learneo, Inc. ("Learneo") respectfully submits this notice of supplemental authority to inform the Court of the April 3, 2025 Decision and Order in *Raw Story Media, Inc. v. OpenAI*, No. 1:24-cv-01514-CM, ECF No. 137 (S.D.N.Y. Apr. 3, 2025). A copy of this decision is attached hereto as **Exhibit A**.

      Judge McMahon, upon notice of the same decisions in *The Intercept Media v. OpenAI* and *Kadrey v. Meta Platforms* which Plaintiff Post University, Inc. ("Post") raises to this Court's notice, ECF No. 210, declined to amend her opinion that the harms alleged by the Plaintiff in *Raw Story* were not concrete. Ex. A at 2-3 ("If Plaintiffs believe that I got it wrong in my previous order . . . then this motion is not the place to make that argument. Seek review before Second Circuit."). In other words, Judge McMahon's analysis of standing in *Raw Story* remains good law. Post argues that "these recent cases demonstrate that Learneo's recitation of the relevant harm standard is incorrect." ECF No. 210 at 2. But Post oversteps. There is no Second Circuit authority binding this Court to rule in Post's favor. Indeed, Judge McMahon reiterated the Supreme Court's well established, and binding, standard for harm: "No concrete harm, no standing. . . . This the Supreme Court wrote not once—but twice in *TransUnion*." Ex. A at 2

- 1 -

(citations and quotations omitted).

Either way, Post's efforts to claim copyright as a close historical analogue would fail as to the 1,036 Works in Suit created by students and 93 Works in Suit owned by Post's subsidiaries.  *See* ECF No. 184, at 17 (Motion for Summary Judgment).  Copyright—historically and now—protects the owner of the copyright but offers no protections for anyone else.  17 U.S.C. § 106.

DEFENDANT LEARNEO, INC.

By:  */s/ Joseph C. Gratz*

Patrick M. Fahey (ct13862)
Pfahey@goodwin.com
Elizabeth H. Buchanan (ct31230)
ebuchanan@goodwin.com
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, Connecticut 06103-1919
Telephone:     806-251-5824
Facsimile:     806-251-5219

Joseph C. Gratz (*pro hac vice*)
jgratz@mofo.com
Annie A. Lee (*pro hac vice*)
annielee@mofo.com
Ian Bennett (*pro hac vice*)
ibennett@mofo.com
Justin K. Rezkalla (*pro hac vice*)
jrezkalla@mofo.com
MORRISON & FORESTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone:     415.268.7000
Facsimile:     415.268.7522

Carolyn M. Homer (pro hac vice)
cmhomer@mofo.com
MORRISON & FORESTER LLP
2100 L Street, NW, Suite 900
Washington, D.C., 20037
Telephone:     202.887.1500
Facsimile:     202.887.0763

*Attorneys for Defendant*