UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| POST UNIVERSITY, INC., | |
| Plaintiff, | Case No. 3:21-cv-01242 (VDO) |
| v. | |
| LEARNEO, INC., | April 25, 2025 |
| Defendant. | |

### SUR-SUR-REPLY IN SUPPORT OF DEFENDANT LEARNEO, INC.'S MOTION TO EXCLUDE THE TESTIMONY OF DR. YORAM (JERRY) WIND

Pursuant to the Court's April 11th Order, ECF No. 213, Learneo Inc. ("Learneo") respectfully submits this sur-sur-reply in support of its motion to exclude the expert opinions of Plaintiff Post University's ("Post") survey expert, Dr. Yoram (Jerry) Wind ("Dr. Wind").

**ARGUMENT**

Post submits four surveys designed by Dr. Wind that it contends, with little explanation, justify Dr. Wind's flawed survey design here. ECF No. 215. But none of the surveys are comparable. They all relate to trademark confusion, not copyright management information ("CMI"). And none of them have the same sort of control design flaws that exist raised here. Those surveys are therefore irrelevant to Learneo's present *Daubert* motion. Learneo addresses each of them in turn.

***Fashion Nova.*** The control stimuli in Wind's *Gianni Versace S.R.L. v. Fashion Nova, Inc.*, No. 2:19-cv-10074 (C.D. Cal.) confusion survey, unlike the survey here, ***did*** isolate the protectable design at issue. Dr. Wind set out to measure consumer confusion related to the Versace-like designs on the defendant Fashion Nova's dresses. ECF No. 215 Ex. 1 at 115. To do so, Dr. Wind compared two Fashion Nova dresses bearing the protectable Versace-like designs (the test stimuli) against a Fashion Nova dress bearing a dissimilar design (the control stimulus):



*Id.* at 133.  Post's claim that the controls depicted "*different* dress brands" from the test stimuli is incorrect.  ECF No. 215 at 1 (emphasis in original).  The test and control stimuli maintained the same dress brand:  Fashion Nova.  *Id.*  The only difference was the presence of the protectable element being tested:  the Versace-like design.  This is markedly different from Dr. Wind's controls here, which both removed several elements that are unprotectable under 17 U.S.C. § 1202 (e.g., buttons, banners, pop-ups, and other elements that make up the context of the Course Hero website that cannot be CMI) and added an additional footer with a highlighted disclaimer of ownership, thereby making it impossible to determine the source of any purported confusion.  ECF No. 193-1 at 22.

*TherapeuticsMD.*  The survey in *TherapeuticsMD, Inc. v. Evofem Biosciences, Inc.*, No. 9:20-cv-82296 (S.D. Fla.) is irrelevant because it was based on a completely different survey methodology.  In his surveys for Post, Dr. Wind used the "Eveready" method, in which respondents were each shown a **single** test stimulus or control stimulus in order to test the altered variable.  But Dr. Wind's *TherapeuticsMD* survey used the "Squirt" method, in which respondents are shown **multiple** actual goods and asked questions to determine "whether they believe any two of the products are offered by the same company."  *See TherapeuticsMD, Inc. v. Evofem Biosciences, Inc.*, No. 20-CV-82296, 2022 WL 1013285, at *2 (S.D. Fla. Mar. 30, 2022). Dr. Wind included in his *TherapeuticsMD* survey one control stimulus that he did design, but even in that instance, Dr. Wind held all variables constant except the product name.  ECF No. 215 Ex. 3 at 9 (respondents were shown identical images except one was labeled "PHEXXI" and the other labeled "LEPHEL").  The other "control brands" in Dr. Wind's *TherapeuticsMD* survey were actual products intended to reflect the actual marketplace.  These "control brands" were shown to both the test group and the control group and are not akin to a control stimulus that is designed to test the impact of a particular element at issue—as is the case here for Post's Section 1202 claims.

*Dentsply.*  The survey in *Dentsply Sirona Orthodontics Inc. v. Roth Licensing LLC*, No. 2:15-cv-02375 (E.D.N.Y.) is also distinguishable.  At the outset, any comparison to Dr. Wind's survey in *Dentsply* is ill-suited because it does not measure prospective consumer confusion. The *Dentsply* survey is a "likelihood of deception experiment," or false advertising survey, unlike the likelihood of confusion survey which Dr. Wind uses here.  ECF No. 215 Ex. 8 at 2. Regardless, in *Dentsply*, Dr. Wind's control stimuli mirrored the test stimuli in **every** respect except for the trademark being tested.  Dr. Wind designed one test stimulus with a disclaimer and

one without and two mirrored control stimuli, one with a disclaimer and one without.  ECF No. 215 Ex. 5 at 10, Ex. 6.  Post is therefore wrong to characterize the *Dentsply* survey as "using a control that altered aspects of the test stimulus, while also adding a new disclaimer[.]"  ECF No. 215 at 2.  When comparing the mirrored test and control stimuli in *Denstply*, there was only ever a single change:  the protectable trademark.  Post's citation to this survey therefore does not justify Dr. Wind's removal, alteration, and addition of multiple variables between the test and control stimuli in this case.  *Dentsply* is additionally distinguishable because the case was resolved in arbitration, so no court ever admitted Dr. Wind's survey.  ECF No. 215 at 2.  It therefore says nothing about whether Dr. Wind's surveys should be admitted here.

**Molson**.  Similarly, the *Molson Coors Beverage Company USA, LLC v. Anheuser-Busch Companies, LLC*, No. 19-cv-00218 (E.D.N.Y.) survey's control stimulus was "identical to the test stimulus, except for a disclaimer inserted at the end," and therefore isolated a single variable.  ECF No. 215 Ex. 8 at 2.  That is a far cry from the controls here, which completely stripped the Post study material from the context of the website—including removing several elements of the Course Hero website that do not underly Post's claims ***and*** adding a highlighted disclaimer on ownership, the subject which the survey was specifically designed to interrogate.  Unlike the survey in *Molson*, Dr. Wind's controls here make it impossible to determine the cause of any purported confusion.  *Molson* was dismissed before any determination on the admissibility of Dr. Wind's survey.  ECF No. 215 at 2; Ex. 9 at 6.  Because the survey was never admitted by a court, it provides no persuasive authority regarding whether Dr. Wind's surveys should be admitted here.

## CONCLUSION

Post cites distinguishable and irrelevant surveys, some of which were never admitted by a court.  ***None*** of the surveys show that changing unprotectable elements and adding new elements to the controls, as Dr. Wind did here, is permissible or provide any assurance that the difficulties created by the flaws in Dr. Wind's surveys can be rectified, much less understood by the jury. Moreover, Post does not offer any additional evidence or authority regarding Dr. Wind's numerous other survey design failures here.  Tellingly, Post offers nothing regarding Dr. Wind's use of ambiguous, undefined terms and reliance on irreplicable coding results, each of which cut across both of Dr. Wind's surveys in their entirety.  With or without the flawed controls in Dr. Wind's Initial Survey, there remain multiple fatal flaws in Dr. Wind's surveys, the cumulative effect of which warrant exclusion.

For the foregoing reasons, the Court should exclude Dr. Wind's opinions.

DEFENDANT LEARNEO, INC.


By:   */s/* Joseph C. Gratz
_____

       Joseph C. Gratz (*pro hac vice*)
       jgratz@mofo.com
       Annie A. Lee (*pro hac vice*)
       annielee@mofo.com
       Ian Bennett (*pro hac vice*)
       ibennett@mofo.com
       Justin K. Rezkalla (*pro hac vice*)
       jrezkalla@mofo.com
       MORRISON & FORESTER LLP
       425 Market Street
       San Francisco, CA  94105-2482
       Telephone:     415.268.7000
       Facsimile:     415.268.7522

       Carolyn Homer (*pro hac vice*)
       cmhomer@mofo.com
       MORRISON & FORESTER LLP
       2100 L Street, NW Suite 900
       Washington, D.C. 20038
       Telephone: 202.887.1500

       Patrick M. Fahey (ct13862)
       SHIPMAN & GOODWIN LLP
       One Constitution Plaza
       Hartford, CT  06103-1919
       Telephone:     860.251.5824
       Facsimile:     860.251.5219
       Email:   pfahey@goodwin.com

       Attorneys for Defendant