UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
----------------------------------------------------------- x
POST UNIVERSITY, INC.,                                       :
                                                             :
                                    Plaintiff,               :          JURY CHARGE
                                                             :
                     -against-                               :         3:21-CV-1242 (VDO)
                                                             :
LEARNEO, INC.,                                               :
                                                             :
                                    Defendant.               :
----------------------------------------------------------- x
```

**SO ORDERED.**

Hartford, Connecticut
March 1, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

**INTRODUCTION**................................................................................................5

**FIRST PHASE: GENERAL RULES** ...............................................................**5**

NO. 1. THE ROLE OF THE COURT ...................................................................5

NO. 2. THE ROLE OF THE JURY .......................................................................6

NO. 3. THE JURORS' DUTY TO FOLLOW THE LAW.....................................7

NO. 4. THE JURORS' DUTY TO DECIDE ON THE EVIDENCE .....................7

NO. 5. THE COURT'S RULING ON OBJECTIONS............................................9

NO. 6. STRICKEN EVIDENCE .........................................................................10

NO. 7. CREDIBILITY OF WITNESSES ............................................................10

NO. 8. EXPERT TESTIMONY ...........................................................................11

NO. 9. STIPULATIONS ......................................................................................12

NO. 10.       RESPONSES TO INTERROGATORIES .......................................13

NO. 11.       USE OF DEPOSITION ...................................................................13

NO. 12.       DIRECT AND CIRCUMSTANTIAL EVIDENCE .........................13

NO. 13.       SUMMARIES OR CHARTS TO PROVE THE CONTENT OF VOLUMINOUS MATERIALS..................................................................15

NO. 14.       THE STANDARD OF PROOF: PREPONDERANCE OF THE EVIDENCE........................................................................................15

**SECOND PHASE: SUBSTANTIVE INSTRUCTIONS REGARDING THE CLAIMS AND DEFENSES IN THIS CASE** .................................................**17**

NO. 1. DIGITAL MILLENNIUM COPYRIGHT ACT (DMCA), GENERALLY .....................17

NO. 2. LITIGATION MARKINGS ARE NOT CMI...........................................18

NO. 3. PROVIDING AND DISTRIBUTING FALSE COPYRIGHT MANAGEMENT INFORMATION (§ 1202(A)) ...............................................18

NO. 4. REMOVING OR ALTERING COPYRIGHT MANAGEMENT INFORMATION (§ 1202(B))..................................................................19

NO. 5. VIOLATIONS UNDER THE DMCA (§ 1203(C))...................................21

NO. 6. COPYRIGHT PRELIMINARY INSTRUCTION...............................................................21

NO. 7. COPYRIGHT - DEFINED ..................................................................................24

NO. 8. COPYRIGHT INFRINGEMENT ELEMENTS: OWNERSHIP AND COPYING ..........25

NO. 9. OWNERSHIP OF A VALID COPYRIGHT ..........................................................25

NO. 10.    COPYRIGHT INFRINGEMENT - COPYRIGHT REGISTRATION
CERTIFICATE ........................................................................................................25

NO. 11.    COPYRIGHT INTERESTS - AUTHORSHIP .......................................................26

NO. 12.    COPYRIGHT INTERESTS - JOINT AUTHORS ...............................................26

NO. 13.    COPYRIGHT INTERESTS - COPYRIGHT WORK MADE FOR HIRE
BY EMPLOYEE.......................................................................................................27

NO. 14.    COPYING .............................................................................................28

NO. 15.    VICARIOUS COPYRIGHT INFRINGEMENT ...................................................29

NO. 16.    CONTRIBUTORY COPYRIGHT INFRINGEMENT ..........................................29

NO. 17.    COPYRIGHT AFFIRMATIVE DEFENSE: FAIR USE ......................................30

NO. 18.    AFFIRMATIVE DEFENSE - DMCA SAFE HARBOR (17 U.S.C. §
512(C)).................................................................................................................31

NO. 19.    DMCA SAFE HARBOR DEFENSE (17 U.S.C. § 512(C)) – VALID
NOTIFICATION DEFINED ........................................................................................32

NO. 20.    DMCA SAFE HARBOR DEFENSE (17 U.S.C. § 512(C)) – ACTUAL
OR RED FLAG KNOWLEDGE DEFINED......................................................................33

NO. 21.    DMCA SAFE HARBOR DEFENSE (17 U.S.C. § 512(C)) – WILLFUL
BLINDNESS DEFINED .............................................................................................34

NO. 22.    STATUTORY DAMAGES UNDER SECTION 1202 OF THE DMCA ............34

NO. 23.    COPYRIGHT DAMAGES.........................................................................35

NO. 24.    DAMAGES – MITIGATION......................................................................36

NO. 25.    CLOSING ARGUMENTS ..........................................................................36

**THIRD PHASE: INSTRUCTIONS FOR DELIBERATIONS................................................36**

NO. 1. UNANIMOUS VERDICT..................................................................................36

NO. 2. CELL PHONES AND TABLETS ......................................................................................37

NO. 3. ON THE PROCESS FOR JURY DELIBERATIONS ......................................................37

NO. 4. USE OF NOTES .............................................................................................................41

NO. 5. THE VERDICT FORM ...................................................................................................41

NO. 6. ON THE ROLE OF SYMPATHY AND PREJUDICE....................................................42

NO. 7. CONCLUSION................................................................................................................43

## **INTRODUCTION**

Members of the jury, you have now heard all of the evidence in the case. We will now move toward the final phases of this trial.

My instructions will be in three parts. First, I will discuss general rules concerning the role of the Court, the duty of the jury, and the different types of evidence and inferences that you may rely on in reaching a verdict. Second, I will go over the claims and defenses in this case: I will identify the questions of fact that you must answer based on the evidence presented at trial and discuss the applicable law, including as to damages. Then, the parties will present their closing arguments. Third and finally, after the attorneys have spoken, I will give you some rules and guidelines for your deliberations.

Before we begin, I ask you to look over the document that was placed on your seats—the verdict form. After I have given these instructions and you hear the closing arguments of counsel, you will go back into the jury room to deliberate. You will have with you the following: the original of the verdict form, digital versions of the original exhibits, hard copy versions of the Works in Suit, your copy of these instructions, and any personal notes that you may have taken. At the conclusion of your deliberations, you will return the completed verdict form to report your verdict to the Court and the parties.

## **FIRST PHASE: GENERAL RULES**

### NO. 1. **THE ROLE OF THE COURT**

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence are relevant under the law for your consideration. Again, you must follow my instructions and conscientiously apply the law as I explain it to the facts as you find them to arrive at your ultimate verdict.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, banish that from your minds. It is my instructions that you must follow.

You should not single out any one instruction as stating the law alone, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You have copies of my instructions with you now, so that you can read along as I read them to you. Please do not write on these copies, and please leave them on your seats as you exit the courtroom for deliberations. You will have one copy of these instructions, which has been marked as an exhibit, to take with you for reference during your deliberations. Please do not write on that copy either.

**NO. 2. <u>THE ROLE OF THE JURY</u>**

As members of the jury, you are the sole and exclusive judges of the facts. You consider the evidence. You determine the credibility of the witnesses. You resolve any conflicting testimony. You decide what reasonable inferences to draw from the facts as you determine them, and you decide how to weigh the evidence. In determining these issues, no one may invade your province or function as a juror. For you to determine the facts, you must rely upon your own recollection of the evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to what your conclusions should be in this case.

I also ask you to draw no inference from the fact that, upon occasion, I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render,

or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

**NO. 3. <u>THE JURORS' DUTY TO FOLLOW THE LAW</u>**

To arrive at your ultimate verdict, it is your duty to follow my instructions and to apply the law as I give it to you to the facts as you find them. If you have a different idea of what the law is or even what you feel it ought to be, you must disregard your own notions and apply the law as I give it to you. To do otherwise would violate your sworn oath as a juror.

The Parties are counting on having their claims decided according to particular legal standards that are the same for everyone, and those are the standards I will give you and that you must follow. If what counsel said about the law differs from what I tell you, you will dismiss from your minds what they may have said to you. You must decide this case on the basis of all of the law as I give it to you regardless of the order of my instructions.

**NO. 4. <u>THE JURORS' DUTY TO DECIDE ON THE EVIDENCE</u>**

You are to determine what the facts are by careful consideration of all the evidence presented, giving to each piece of evidence whatever weight you conclude that it deserves in the process of reaching your ultimate conclusion. The following things are evidence:

- testimony by witnesses in court is evidence;

- exhibits that have been received into evidence are evidence;

- facts that the parties have stipulated to are evidence;

- facts admitted as true in pleadings are evidence; and

- responses to interrogatories are evidence

These are things that you *are* to take into account in determining whether a party has proven a claim or defense. The testimonial evidence includes both what was said on direct examination and what was said on cross-examination, without regard to which party called the witness.

But there are also a number of things that may have been seen or heard during the trial that are <u>not</u> evidence and that you cannot rely on as evidence in deciding whether a party has proven a claim or a defense. This list includes:

- statements made by lawyers, including statements made both in their opening statements and in closing arguments, which are not evidence;

- questions are not evidence; it is the answer that is evidence, not the question or any assumptions made in any question;

- the mere fact that a party has filed a claim or a defense in the Court is not itself evidence;

- testimony or exhibits that were offered but refused or stricken by me or that I told you to disregard, are not evidence;

- testimony or exhibits that I told you were to be used only for a particular purpose are not evidence for any <u>other</u> purpose; and

- exhibits marked for identification that were not received in evidence as full exhibits are not evidence.

Your duty is to decide the case based on what has been admitted into evidence in this courtroom only, and not on any information about the issues that was not presented into evidence in this courtroom.

It is my right to make comments to you on the evidence, but where I do that, such comments are merely to suggest to you what point of law or what controversy I am speaking about. If I refer to certain facts or certain evidence in the case, do not assume that I mean to emphasize those facts or that evidence, and do not limit your consideration on the basis of things that I may have mentioned. Likewise, if I mention one party more than the other, you should attach no importance to that. If I overlook evidence in the case, you shall supply it from your own recollection; if I incorrectly state anything about the evidence in relation to what you remember, you should apply your own recollection and correct my error. In the same way, what any of the lawyers may have said in their respective summaries to you as to the facts or evidence in the case should have weight with you only if their recollection agrees with your own; otherwise, it is your own recollection of the facts and evidence which should have weight in your deliberations.

## NO. 5. THE COURT'S RULING ON OBJECTIONS

A trial is governed by rules of evidence. It is my duty to apply these rules to the testimony and exhibits offered by the parties to determine if that evidence should be admitted for you to consider. Lawyers have the right and sometimes the obligation to object to evidence that is offered and seek a ruling as to the admissibility of that evidence under the rules.

You should not hold it against a lawyer, or the party he or she represents, if the lawyer objects to evidence or moves to strike evidence, regardless of my ruling. Just because evidence is admitted after an objection does not speak to the trustworthiness or truthfulness of that evidence: Instead, you should weigh and consider that evidence in the same way as other evidence. You should not infer from my rulings on evidence that I favor or disfavor any party or lawyer. The Court is neutral and is merely enforcing the rules of evidence to assure a fair trial. Do not speculate

as to what the answer would have been had I not sustained an objection, and do not place any emphasis on a piece of evidence merely because I overruled an objection to it.

### NO. 6. <u>STRICKEN EVIDENCE</u>

There was some information that was not appropriate for your consideration or may have come before you in error. At the time that occurred, I ordered those things stricken and told you to disregard them. Anything stricken is not evidence and is not a part of this case. You may not consider anything that has been stricken in reaching your verdict.

### NO. 7. <u>CREDIBILITY OF WITNESSES</u>

The credibility of witnesses and the weight to be given to their testimony are matters for you as jurors to determine. However, there are some principles that you should keep in mind. No fact is, of course, to be determined merely by the number of witnesses who testify for or against a party; it is the quality and not the quantity of testimony that controls.

In weighing the testimony of each witness, you should consider the witness's appearance on the stand and whether the witness has an interest of whatever sort in the outcome of the trial. You should consider a witness's opportunity and ability to observe facts correctly and to remember them truly and accurately, and you should test the evidence each witness gives you with your own knowledge of human nature and the motives that influence and control human actions.

You may consider the reasonableness of what the witnesses say and the consistency or inconsistency of their testimony. You may consider their testimony in relation to facts that you find to have been otherwise proven. You may believe all of what a particular witness tells you, some of what a witness tells you, or none of what a witness tells you. You need not believe any number of witnesses and you may reject uncontradicted testimony if you find it reasonable to do

so. In short, you are to apply the same considerations and use the same sound judgment and common sense that you use for questions of truth and veracity in your daily life.

If you believe that a witness testified falsely as to a part of his or her testimony, you may choose to disbelieve other parts of his or her testimony, or the whole of it, but you are not required to do so. You should bear in mind that inconsistencies and contradictions within a witness's testimony or between that testimony and other evidence do not necessarily mean that the witness is lying. Failures of memory may be the reason for some inconsistencies and contradictions; also, it is not uncommon for two honest people to witness the same event but to perceive or recall things differently. Yet, if you find that a witness has testified falsely as to an issue, you should of course take that into account in assessing the credibility of the remainder of his or her testimony.

## NO. 8. **EXPERT TESTIMONY**

In this case, you have heard testimony from **four** experts: Drew Mooney, Monty Myers, Yoram (Jerry) Wind, and Jason Wentworth. These witnesses testified to express their opinions about matters that are in issue. Ordinarily, a witness cannot give an opinion about anything but rather is limited to testimony as to the facts in that witness's personal knowledge. A witness may, however, be permitted to testify to an opinion on those matters about which they have special knowledge, skill, experience, and training. Such expert testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

The experts in this case have given opinions. However, the fact that these witnesses have offered opinion testimony does not mean that you have to accept their opinions. You can accept their opinions or reject them.

In weighing this testimony, you may consider the witness's qualifications, opinions, and reasons for testifying, as well as all of the other considerations that ordinarily apply when you are

11

deciding whether or not to believe a witness's testimony. You should ask yourselves about the methods employed by the expert and the reliability of the result. You should further consider whether the opinions stated by the expert have a rational and reasonable basis in the evidence.

Based on all of those things, together with your general observation and assessment of the witness, it is then up to you to decide whether or not to accept the opinion. You may believe all, some or none of the testimony of an expert witness. In other words, an expert's testimony is subject to your review like that of any other witness. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning their opinion. Nor should you substitute their opinion for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

## NO. 9. <u>STIPULATIONS</u>

A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true. The parties have stipulated to the following facts:

- Post University, Inc. is a for-profit university based in Waterbury, Connecticut, and is the plaintiff in this action against Learneo, Inc.

- Learneo operates the Course Hero website—an online platform for college students and educators to upload and share course-related materials.

- Users of the Course Hero website must agree to Course Hero's Terms of Use.

Moreover, as I previously instructed you during the trial, I now instruct you again. You should disregard and give no weight to any testimony or argument that characterizes Course Hero as a platform primarily or predominantly used for cheating. This includes but is not limited to testimony or argument characterizing Course Hero as a cheating platform or contract cheating website. You should also disregard and give no weight to any testimony or argument that compares Course Hero to a platform used to pirate materials.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given that testimony in court. However, it is for you to determine the effect to be given to that testimony.


## NO. 10.    <u>RESPONSES TO INTERROGATORIES</u>

In this case, you have seen responses to interrogatories. An interrogatory is a written question one party sends to another party in a lawsuit. The recipient must answer the interrogatory truthfully under the penalty of perjury.


## NO. 11.    <u>USE OF DEPOSITION</u>

While most of the witnesses whose testimony has been presented to you were here to testify in person, the testimony of one witness was presented to you by the showing of a videotape of questions asked and answers given by that witness under oath at an earlier time. Testimony that is presented in this manner may be accepted or rejected by you in the same way as the testimony of witnesses who have been physically present in court.


## NO. 12.    <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

When deciding whether a party meets its burden of proof, you may consider both direct and circumstantial evidence. Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, evidence from which you could find that another fact exists, even though it has not been proved directly.  There is no legal distinction between direct and circumstantial evidence as far as probative value; the law permits you to give equal weight to both, but it is for you to decide how much weight to give to any particular evidence.

Circumstantial evidence of an event is the testimony of witnesses as to the existence of certain facts or evidence or the happening of other events from which you may logically conclude that the event in question did happen. By way of example, let us assume that it is a January night and you're preparing to retire for the evening. You look out the window and you see it is snowing. You wake up the next morning, come to court, and testify that the night before it was snowing in the area of your house. That is direct evidence of the fact that it snowed the night before. You saw it and you came into court and testified to that fact.

Now assume that it is another January night, the weather is clear, there is no snow on the ground, and you retire for the evening. You wake up the next morning, you look out the window and you see snow on the ground and footprints across your lawn. You come into court, and you testify to those facts. The evidence that the night before there was no snow on the ground and the next morning there was snow on the ground and footprints across your lawn is direct evidence. That direct evidence, however, is circumstantial evidence of the fact that sometime during the night it snowed and that some time thereafter someone walked across your lawn.

The only practical difference between direct and circumstantial evidence is that when you have direct evidence of some fact, the main thing you have to do is determine the believability of the direct testimony given, the credibility of the witness. With circumstantial evidence, you must first determine the credibility of the witness or witnesses and decide whether the facts testified to do exist. Then you must decide whether the happenings of those events or the existence of those facts leads logically to the conclusion that other events occurred or other facts exist, and ultimately, whether the claims or defenses have been proven.

There is no reason to be prejudiced against evidence simply because it is circumstantial evidence. You make decisions based on circumstantial evidence in the everyday affairs of life.

There is no reason why decisions based on circumstantial evidence should not be made in the courtroom. In fact, proof by circumstantial evidence may be as conclusive as would be the testimony of witnesses speaking based on their own observation.

Circumstantial evidence, therefore, is offered to prove a certain fact from which you are asked to infer the existence of another fact or set of facts. Before you decide that a fact has been proved by circumstantial evidence, you must consider all of the evidence in light of reason, experience and common sense.

As I said before, which of the admitted evidence you will conclude is decisive is up to you. But you may consider only what has been admitted as evidence in this trial--things that I have ruled inadmissible may not be considered. And, of course, it is for you to interpret the evidence.

## NO. 13.    SUMMARIES OR CHARTS TO PROVE THE CONTENT OF VOLUMINOUS MATERIALS

The evidence in this case includes Exhibit PTX4144, which is a chart that purports to summarize voluminous materials. You may consider this chart as evidence during your deliberations, but this chart does not constitute independent evidence and it is your duty to first determine that the chart accurately reflects the evidence on which the chart is based.

## NO. 14.    THE STANDARD OF PROOF: PREPONDERANCE OF THE EVIDENCE

You may have heard in criminal cases that proof must be beyond a reasonable doubt, but I must emphasize to you that this is not a criminal case, and you are not deciding criminal guilt or innocence. In civil cases such as this one, a different standard of proof applies. In civil cases, the standard is called proof by the preponderance of the evidence, and I'll explain more about what that means in a moment. The party making a claim has the burden of proof with respect to that

claim. Here, the plaintiff is the party making a claim, so the plaintiff bears the burden of proof. However, the defendant also raises a defense as to which they bear the burden of proof. Otherwise, though, this standard means that the plaintiff—as the party bringing the claim—has the burden of proving every disputed element of their claim to you by a preponderance of the evidence.

If you conclude that the Plaintiff has failed to establish any element of its claim by a preponderance of the evidence, you must decide against it.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties–that it is equally probable that one side is right as it is that the other side is right–then you <u>must</u> decide that issue <u>against</u> the plaintiff as the party having the burden of proof. That is because the plaintiff, as the party bearing the burden of proof, must prove more than simple equality of evidence–it must prove each element at issue by a preponderance of the evidence, or that each element is more likely than not.

On the other hand, the plaintiff need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the plaintiff–as long as you find that an element is more likely true than not true–then that element will have been proved by a preponderance of evidence.

As I said to you at the beginning of the trial, one way to visualize this is to picture a pair of balanced scales. Imagine that you put on one scale the evidence you find credible, relevant and supportive of the plaintiff on an element of its claim, and places on the other side of the scales the evidence you find credible, relevant and supportive of the defendant. If the scales tip in favor of the plaintiff on that issue, even to the slightest degree, then on that issue it will have met its burden of proving that claim by the preponderance of the evidence. But if the scales tip in favor of the defendant on that issue, even a little bit, or if the scales are evenly balanced, then the plaintiff has not sustained its burden of proof on the issue.

## SECOND PHASE: SUBSTANTIVE INSTRUCTIONS REGARDING THE CLAIMS AND DEFENSES IN THIS CASE

### NO. 1. DIGITAL MILLENNIUM COPYRIGHT ACT (DMCA), GENERALLY

Post University, Inc. ("Post") asserts that Course Hero, Inc. ("Course Hero") violated the Digital Millennium Copyright Act, 17 U.S.C. § 1202, which I will refer to as Section 1202 of the DMCA, in two ways. First, Post asserts that Course Hero unlawfully provided or distributed false "copyright management information" or "CMI" in connection with Post's works on, or downloaded from, the Course Hero website. Second, Post asserts that Course Hero unlawfully altered or removed Post's CMI in connection with the Post works on, or downloaded from, the Course Hero website. Course Hero denies these allegations.

I will describe the elements that Post must prove in order for you to find Course Hero liable for these two alleged violations in a moment. First, I will explain to you what CMI means.

CMI includes any of the following conveyed in connection with a work or of a copy, or display of a work:

1.    The title and other information identifying the work, including the information set forth on a notice of copyright;

2.    The name of, and other identifying information about, the author of the work;

3.    The name of, and other identifying information about, the copyright owner of the work including the information set forth in a notice of copyright;

4.    Terms and conditions for use of the work; and

5.    Identifying numbers or symbols referring to the above information, or links to such information.

## NO. 2. LITIGATION MARKINGS ARE NOT CMI

You may have seen exhibits in this case that contain page numbers beginning with "PU" or "CH," or that include confidentiality markings such as "Highly Confidential – Attorneys' Eyes Only," or similar markings.

These numbers, labels, and confidentiality designations were added as part of this litigation process. They are used by the parties and the Court to organize documents and to comply with court rules regarding confidentiality.

As a matter of law, these numbers, symbols, and confidentiality designations, which did not appear on the original documents, are not copyright management information (CMI).

You must not consider these litigation markings as evidence in this case.

## NO. 3. PROVIDING AND DISTRIBUTING FALSE COPYRIGHT MANAGEMENT INFORMATION (§ 1202(A))

The first way in which Post alleges that Course Hero violated the DMCA is by providing or distributing false CMI in connection with works under Section 1202(a). More specifically, Post alleges that Course Hero knowingly provided and/or distributed false CMI each time it placed Course Hero's own CMI, including its own copyright notice, logos, banners, prompts, footers, and/or watermarks on, or conveyed them in connection with, a Post document. Post alleges that a

violation for knowingly distributing false CMI occurred each time Course Hero knowingly distributed false CMI on, or conveyed false CMI in connection with, a Post document that was previewed, unlocked, and/or downloaded on or from the Course Hero platform, and for which Course Hero had the intent to induce, enable, facilitate or conceal copyright infringement. Course Hero denies these allegations.

In order to prevail on this claim, Post must prove all three of the following elements by a preponderance of the evidence:

1.    Course Hero provided or distributed CMI that was false;

2.    Course Hero knew that the CMI was false at the time it provided or distributed the CMI; and

3.    Course Hero provided or distributed the false CMI with the intent to induce, enable, facilitate or conceal copyright infringement.

In other words, Course Hero must both have actual knowledge that the CMI at issue is false and have acted with the intent to induce, enable, facilitate, or conceal infringement.

## NO. 4. REMOVING OR ALTERING COPYRIGHT MANAGEMENT INFORMATION (§ 1202(B))

Post has alleged that Course Hero also violated the DMCA by removing or altering CMI associated with Post's documents. Specifically, Post alleges that Course Hero intentionally removed or altered CMI each time it converted an uploaded document containing Post CMI – either on the document or in the document's metadata – into preview assets on the Course Hero platform. Post also alleges that Course Hero unlawfully distributed a Post document, with Post CMI knowingly removed or altered, each time a Post document was previewed, unlocked and/or downloaded on or from the Course Hero website with the original Post CMI removed or altered. Post further alleges that Course Hero knew, or had reasonable grounds to know, that the removal

or alterations (or distributions thereof) of Post CMI would induce, enable, facilitate, or conceal copyright infringement.

Under the DMCA, removing or altering CMI is a distinct violation from providing or distributing false CMI. In order to prevail on a claim for removing or altering CMI, Post must prove by a preponderance of the evidence that Course Hero did one or more of the following two things:

1. Intentionally removed or altered Post's CMI without Post's permission; or

2. Distributed or imported for distribution Post's documents knowing at the time of distribution or importation that Post's CMI had been removed or altered without Post's permission.

Post must also prove that Course Hero knew or had reasonable grounds to know that doing so would induce, enable, facilitate or conceal copyright infringement. However, actual knowledge is not required. Course Hero can be liable despite having only had reasonable grounds to know that its distribution of improperly attributed material will induce, enable, facilitate, or conceal an infringement.

A violation for removing or altering CMI occurred each time Course Hero intentionally removed or altered CMI from an uploaded document that contained Post CMI – either on the document or in the document's metadata – and where Course Hero also knew, or had reasonable grounds to know, that such removal or alterations would induce, enable, facilitate, or conceal copyright infringement.

A violation for distributing a Post document with removed or altered CMI occurred each time Course Hero distributed a Post document (in the form of a preview, unlock or download) knowing that Post CMI was removed or altered, and where Course Hero also knew, or had reasonable grounds to know, that such a distribution would induce, enable, facilitate, or conceal copyright infringement.

**NO. 5. <u>VIOLATIONS UNDER THE DMCA (§ 1203(C))</u>**

If you find that Course Hero violated Section 1202 of the DMCA, you must then determine how many violations Course Hero committed. To determine the number of violations you are to consider the number of individual acts committed by Course Hero, including each instance that Course Hero provided CMI that is false, distributed or imported for distribution CMI that is false, removed or altered CMI, distributed CMI that had been altered or removed, and/or distributed works with altered or removed CMI, in a manner that you find violated this law.

Each time Course Hero provided or distributed false CMI as stated in Instruction No. 3 constitutes a separate violation of Section § 1202(a) of the DMCA.

Each time Course Hero removed or altered CMI or distributed a Post document with removed or altered CMI, as stated in Instruction No. 4 constitutes a separate violation of § 1202(b) of the DMCA.

**NO. 6. <u>COPYRIGHT PRELIMINARY INSTRUCTION</u>**

Post also claims that Course Hero has committed copyright infringement as to five works. Course Hero denies infringing the copyright, contends that the copyright is invalid, and asserts affirmative defenses. To help you understand the evidence in this aspect of the case, I will explain some of the legal terms you have heard during this trial.

**(a) DEFINITION OF COPYRIGHT**

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

**(b) HOW COPYRIGHT IS OBTAINED**

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression. The owner of the copyright may also apply to register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office. After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner. Registration is not required in order to obtain copyright protection.

**(c) PLAINTIFF'S BURDEN OF PROOF**

In this case, Post contends that Course Hero has infringed Post's copyrights. Post has the burden of proving by a preponderance of the evidence that Post is the owner of the copyright, that Course Hero copied original expression from the copyrighted work, and that Course Hero caused the infringement. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

**(d)  PROOF OF COPYING**

To prove that Course Hero copied Post's work, Post may use direct or indirect evidence. Direct evidence includes an admission that Course Hero copied Post's work. Indirect evidence is evidence that raises the inference of copying, either through evidence that Course Hero had access to Post's copyrighted work and that there are substantial similarities between Course Hero's work and Post's copyrighted work; or evidence that there are striking similarities between Course Hero's work and Post's copyrighted work.

Post must also prove that Course Hero's copying of the copyrighted work was substantial. In determining whether Course Hero's copying of the copyrighted work was substantial, you may consider how important the copied portion was to the copyrighted work as a whole.

**(e)  LIABILITY FOR INFRINGEMENT**

One who causes a copyrighted work to be reproduced, publicly distributed, or publicly displayed without authority from the copyright owner during the term of the copyright infringes the copyright.

A person may be liable for another person's infringement by vicariously infringing or contributorily infringing.

**(f)  VICARIOUS INFRINGEMENT**

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and ability to supervise or control the infringing activity, whether or not the person knew of the infringement.

**(g)  CONTRIBUTORY INFRINGEMENT**

A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces or materially contributes to the activity.

**(h)  DEFENSES TO INFRINGEMENT**

Course Hero contends that there is no copyright infringement. There is no copyright infringement if Course Hero made fair use of the copyrighted work by reproducing copies for purposes such as criticism, comment, news reporting, teaching, scholarship, or research.

Course Hero also contends that it is not liable for copyright infringement under Section 512(c) of the DMCA.

Section 512(c) is a separate section from Section 1202 and provides online service providers with a "safe harbor" from copyright infringement.

I will now explain these claims and defenses in more detail.

## NO. 7. <u>COPYRIGHT - DEFINED</u>

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to, and to authorize others to:

1.      reproduce the copyrighted work in copies;

2.      prepare derivative works based upon the copyrighted work;

3.      distribute copies of the copyrighted work; and

4.      publicly display the copyrighted work.

It is the owner of a copyright who may exercise these exclusive rights. The term "owner" includes the author or assignee of the copyrighted work.

In general, copyright law protects against reproduction, adaptation, and public distribution of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

**NO. 8.** **COPYRIGHT INFRINGEMENT ELEMENTS: OWNERSHIP AND COPYING**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On Post's copyright infringement claim, Post has the burden of proving by a preponderance of the evidence that:

1. Post is the owner of a valid copyright; and

2. Course Hero copied original expression from the copyrighted work. To find that Course Hero copied a copyrighted work, you must find that Course Hero engaged in volitional conduct that caused the copying.

If you find that Post has proved both of these elements of ownership and copying, your verdict should be for Post. If, on the other hand, you find that Post has failed to prove either of these elements, your verdict should be for Course Hero.

**NO. 9.** **OWNERSHIP OF A VALID COPYRIGHT**

Post is the owner of a valid copyright if Post proves by a preponderance of the evidence that:

1. the work is original, meaning that it was independently created by the author by use of at least some minimal creativity; and

2. Post is the author or creator of the work, or Post received a transfer of the copyright from the author.

**NO. 10.** **COPYRIGHT INFRINGEMENT - COPYRIGHT REGISTRATION CERTIFICATE**

A copyright owner may obtain a certificate of registration from the Copyright Office. The evidence in this case includes Exhibits PTX501, PTX502, PTX503, PTX606, and PTX614, that include five (5) certificates of copyright registration from the Copyright Office.

If you find that the certificates of copyright registration were made within five (5) years after first publication of Post's work, you must presume that there is a valid copyright in that work and presume to be true the facts stated in the certificate. Course Hero has the burden of disproving these facts.

If you find that the evidence presented by Course Hero disproves either the validity of the copyright or any of the facts stated in the registration certificate, you may find that Post has failed to show ownership of a copyrightable work.

**NO. 11.** **COPYRIGHT INTERESTS - AUTHORSHIP**

The creator of an original work is called the author of that work. An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

Others may help or may make valuable or creative contributions to a work. However, such contributors cannot be the authors of the work unless they caused the work to come into being. One must translate an idea into a fixed, tangible expression in order to be the author of the work. Merely giving an idea to another does not make the giver an author of a work embodying that idea.

**NO. 12.** **COPYRIGHT INTERESTS - JOINT AUTHORS**

A copyright owner is entitled to exclude others from copying a joint work. A joint work is a work prepared by two or more authors. At the time of the joint work's creation, a joint work must have two or more authors, and:

1.    each author must have made a substantial and valuable contribution to the work;

2.    each author must have intended that his or her contribution be merged into inseparable or interdependent parts of a unitary whole;

3.    each author must have contributed material to the joint work which could have been independently copyrighted; and

4.    each author must be a person to whom the work owes its origins and who superintended the whole work.

In the absence of an agreement between themselves to the contrary, each author of a joint work shares an undivided interest in the entire joint work. A copyright owner in a joint work may enforce the right to exclude others in an action for copyright infringement.

In deciding whether parties intended their contributions to be merged in element 2, above, you may consider whether the parties signed a written agreement stating that the copyright in the work is to be jointly owned. If there is no such agreement, you may consider whether:

1.    both parties exercised control over the work;

2.    both parties' actions showed that they shared the intent to be co-authors when they were creating the work, for instance, by publicly stating that the work was their shared project; and

3.    the audience-appeal of the work depends on the contribution of each party so that the share of each party's contribution to the work's success cannot be appraised.

In making a substantial and valuable contribution to a work, each author's contribution to the joint work need not be equal.

A written agreement stating the copyright in the work is to be jointly owned may show that each author of a joint work intended that his or her contribution be merged into inseparable or interdependent parts of a unitary whole.

## NO. 13.    COPYRIGHT INTERESTS - COPYRIGHT WORK MADE FOR HIRE BY EMPLOYEE

A work made for hire is one that is prepared by an employee within the scope of employment.

A work is made for hire within the scope of employment if:

1.      it is the kind of work the employee is employed to create;

2.      it occurs substantially within the authorized time and space limits; and

3.      it is made, at least in part, for the purpose of serving the employer.

The employer is considered to be the author of the work made for hire. The employer owns the copyright unless the employer and employee have agreed in writing that the employee is the owner.

A work for hire is also a work specially ordered or commissioned for use as a contribution to a collective work, as a supplementary work, as a compilation, as an instructional text, as a test, or as answer material for a test, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire.

A copyright owner of a work made for hire may enforce the right to exclude others in an action for copyright infringement.


## NO. 14.      <u>COPYING</u>

Post has the burden of proving that Course Hero copied original elements from Post's copyrighted work.

Post can prove that Course Hero copied from the work by proving by a preponderance of the evidence that Course Hero had access to Post's copyrighted work and by proving by a preponderance of the evidence that there is a striking similarity between Course Hero's work and Post's copyrighted work. If Post fails to prove that Course Hero copied Post's work, your verdict should be for Course Hero.

**NO. 15.**      **VICARIOUS COPYRIGHT INFRINGEMENT**

A defendant may also be vicariously liable for the copyright infringement of another. If you find that a third party infringed Post's copyright, you must determine whether Course Hero vicariously infringed that copyright. Post has the burden of proving each of the following elements by a preponderance of the evidence:

1.      Course Hero directly benefited financially from the infringing activity of a third party;

2.      Course Hero had the right and ability to supervise and control the infringing activity of the third   party; and

3.      Course Hero failed to exercise that right and ability.

If you find that Post has proved each of these elements, your verdict should be for Post if you also find that a third party infringed Post's copyright. If, on the other hand, Post has failed to prove any of these elements, your verdict should be for Course Hero.


**NO. 16.**      **CONTRIBUTORY COPYRIGHT INFRINGEMENT**

Course Hero may be liable for copyright infringement engaged in by another if it knew or had reason to know of the infringing activity and intentionally induced or materially contributed to that infringing activity.

If you find that a third party infringed Post's copyright, you must determine whether Course Hero contributorily infringed that copyright. Post has the burden of proving both of the following elements by a preponderance of the evidence:

First, Course Hero knew or had reason to know of the infringing activity of a third party; and

Second, Course Hero intentionally induced or materially contributed to the third party's infringing activity.

Course Hero's intent to induce the infringing activity must be shown by clear expression of that intent or other affirmative steps taken by Course Hero to encourage the infringing activity.

If you find that a third party infringed Post's copyright and you also find that Post has proved both of these elements, your verdict should be for Post. If, on the other hand, Post has failed to prove either or both of these elements, your verdict should be for Course Hero.

## NO. 17.     COPYRIGHT AFFIRMATIVE DEFENSE: FAIR USE

One who is not the owner of the copyright may use the copyrighted work in a reasonable way under the circumstances without the consent of the copyright owner. Such use of a copyrighted work is called a fair use. The owner of a copyright cannot prevent others from making a fair use of the owner's copyrighted work.

Course Hero contends that it made fair use of the copyrighted work for the purpose of teaching or scholarship. Course Hero has the burden of proving this defense by a preponderance of the evidence.

In determining whether the use made of the work was fair, you should consider the following factors:

1.    the purpose and character of the use, including whether the use is of a commercial nature or is for nonprofit educational purposes;

2.    the nature of the copyrighted work;

3.    the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

4.    the effect of the use upon the potential market for or value of the copyrighted work.

If you find that Course Hero has proved by a preponderance of the evidence that Course Hero made a fair use of Post's work, your verdict should be for Course Hero.

**NO. 18.      AFFIRMATIVE DEFENSE - DMCA SAFE HARBOR (17 U.S.C. § 512(C))**

Course Hero contends that it is a service provider and therefore is not liable for copyright infringement because the infringement was caused by information residing on Course Hero's systems at the direction of users.

Course Hero is eligible to use this defense if Course Hero:

1.      is a service provider of network communication services, online services, or network access;

2.      adopted, reasonably implemented, and informed users of a policy to terminate users who are repeat copyright infringers;

3.      designated an agent to receive notifications of claimed infringement, and made the agent's name, phone number, and email address available on its website and to the Copyright Office; and

4.      is facing liability for copyright infringement based on information residing on Course Hero's systems or networks at the direction of users. This defense does not apply if the service provider plays a sufficiently active role in the process by which material appears on its platform such that, as a result, its storage and display of infringing material is no longer meaningfully at the user's direction. Service providers can review and screen user content before they store it on their platform without becoming ineligible for safe harbor, particularly where the ability to exert control over the content that appears on the platform is necessarily limited by the sheer volume of uploaded user content.  On the other hand, this defense does not apply where the service provider engages in manual, substantive, and discretionary review of user content. For example, this defense does not apply if the service provider imposes its own aesthetic, editorial, or marketing judgment on a case-by-case basis through extensive, manual, and substantive front-end screening to determine which user uploads it accepts.

Course Hero must prove the above elements by a preponderance of the evidence to prevail on this affirmative defense.

Post can show that Course Hero has lost entitlement to the safe harbor if Post proves one of the following by a preponderance of the evidence:

1.    Course Hero (a) had actual knowledge that the specific material or activity on the system or network was infringing, or (b) was aware of facts or circumstances from which the specific infringing activity was apparent, or (c) upon obtaining knowledge or awareness, failed to act expeditiously to remove or disable access to the material; or

2.    Course Hero received a financial benefit directly attributable to the infringing activity and had the right and ability to control the infringing activity; or

3.    Course Hero, upon receiving a valid notification of claimed infringement, did not respond expeditiously to remove, or disable access to, the material that was claimed to be infringing or to be the subject of infringing activity.

The difference between actual and red flag knowledge is a subjective and an objective standard. In other words, the actual knowledge provision turns on whether the provider actually or "subjectively" knew of specific infringement, while the red flag provision turns on whether the provider was subjectively aware of facts that would have made the specific infringement "objectively" obvious to a reasonable person.

I will now explain the meaning of some of these terms in greater detail below.

## NO. 19.    DMCA SAFE HARBOR DEFENSE (17 U.S.C. § 512(C)) – VALID NOTIFICATION DEFINED

A valid notification of claimed infringement is a written communication provided to the defendant's designated agent and must include:

1.    A physical or electronic signature of a person authorized to act on behalf of the copyright owner;

2.    Identification of the infringed copyrighted work or a representative list of infringed copyrighted works if there are multiple infringed works at a single online site;

3.    Identification of the infringing material or activity, and information reasonably sufficient to permit the defendant to locate the material;

4.    Information reasonably sufficient to permit the defendant to contact the complaining party;

5.    A statement that the complaining party has a good-faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law; and

6.    A statement that the information in the notification is accurate and, under penalty of perjury, that the complaining party is authorized to act on behalf of the copyright owner.

A valid notification is a single written communication that substantially complies with *all* of the above requirements, not just some of them. Notices that do not identify the specific location of the alleged infringement are not sufficient to confer knowledge of the infringing activity on the service provider. The defendant does not have a duty to expeditiously remove or disable access to infringing material or activity if the notice of claimed infringement is invalid. The burden of identifying and documenting infringing material rests with the copyright holder, not the defendant.

## NO. 20.    DMCA SAFE HARBOR DEFENSE (17 U.S.C. § 512(C)) – ACTUAL OR RED FLAG KNOWLEDGE DEFINED

Red flag knowledge is awareness of facts and circumstances—or "red flags"—that would have made it apparent or obvious to a reasonable person that any specific activity on its service was infringing. In order to carry their burden of demonstrating that Course Hero had red flag knowledge of the specific instances of infringement, Post needs to show that Course Hero was "subjectively aware of facts that would have made the specific infringement 'objectively' obvious *to a reasonable person.*" General awareness of infringement is not sufficient to establish red flag knowledge.

As explained further, willful blindness may be applied to demonstrate awareness of specific instances of infringement under the safe harbor provision of the DMCA.

**NO. 21.    DMCA SAFE HARBOR DEFENSE (17 U.S.C. § 512(C)) – WILLFUL BLINDNESS DEFINED**

Willful blindness may be applied to demonstrate knowledge or awareness of specific instances of infringement under the safe harbor provision of the DMCA. A party is "willfully blind" or engages in "conscious avoidance" amounting to knowledge where the party was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.

Your willful blindness determination must relate to specific infringements. Thus, even if you find Course Hero was aware of a high probability of general infringement by its users, that is not enough to establish willful blindness.

In determining whether Course Hero was willfully blind to specific acts of infringement, I instruct you that nothing in the DMCA requires Course Hero to monitor its service or otherwise seek out infringing activity based on general awareness that infringement may be occurring. However, when a party has reason to suspect that users of its service are infringing a specific protected work, it may not shield itself from learning of the particular infringing transactions by looking the other way.

**NO. 22.    STATUTORY DAMAGES UNDER SECTION 1202 OF THE DMCA**

If you find that Course Hero has violated Section 1202 of the DMCA, Post has elected to recover statutory damages for those violations. Post is entitled to statutory damages for each violation of Section 1202 of the DMCA.

For each violation, you must award Post an amount of not less than $2,500 and not more than $25,000. Within these limits, the statute gives you broad discretion to determine the amount of statutory damages that you find to be just in light of the evidence presented. There are many factors and considerations that may impact your determination of the amount of statutory damages

to award. You are the ultimate judge of the facts and of the appropriate award. In determining the appropriate amount to award per violation, you may consider the following factors:

1. The expenses saved and the profits earned by Course Hero because of the violation;

2. The revenues that Post lost because of the violation;

3. The difficulty of proving Post's actual damages;

4. The circumstances of the violation;

5. The conduct and attitude of the parties;

6. Course Hero's cooperation in providing evidence concerning the value of the infringing material; and

7. The deterrent effect on Course Hero and third parties.


**NO. 23.      COPYRIGHT DAMAGES**

If you find for Post on the copyright infringement claims, you must determine Post's damages. Actual damages mean the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. In addition, Post is entitled to recover any profits of Course Hero attributable to the infringement. Post must prove damages by a preponderance of the evidence.

Post contends that Course Hero earned profits equal to $114.85 attributable to the alleged copyright infringement. For purposes of this trial, Course Hero does not dispute that amount. If you find for Post on the copyright infringement claim, you may therefore find that Post is entitled to recover $114.85.

**NO. 24.**     **DAMAGES – MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Course Hero has the burden of proving by a preponderance of the evidence:

First, that Post failed to use reasonable efforts to mitigate damages; and

Second, the amount by which damages would have been mitigated.


**NO. 25.**     **CLOSING ARGUMENTS**

At this point, we will pause the instructions to hear closing arguments from counsel. I will conclude the instructions after those summations. Remember, what the lawyers say in their closing arguments is not evidence, but it is merely argument about what the evidence shows. And you must disregard anything that they say about the law that is inconsistent with any principle of law that I have just stated.

**[CLOSING ARGUMENTS]**

**THIRD PHASE: INSTRUCTIONS FOR DELIBERATIONS**

You have just heard the Parties' closing arguments. I want to remind you that what the lawyers have said is not evidence, even if it seemed at times as if they were testifying. The lawyers merely presented their arguments about what they claim the evidence has shown and what it means in the context of the case. Their credibility is not an issue that should factor into your decision in this case. I will now give you some final instructions before you begin your deliberations.

**NO. 1.** **UNANIMOUS VERDICT**

Your verdict must be unanimous and must represent the considered judgment of each

juror. Each of you must make your own decision, but you must consider impartially all of the evidence as well as the views of each of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with your own individual judgment as well as the individual judgment of each other juror. Until the verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. However, you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations.

Remember at all times that you are not a partisan. Rather, you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

### NO. 2. CELL PHONES AND TABLETS

Before you begin your deliberations, you will be required to give your cellphones, tablets, and any other forms of electronic communication to the Courtroom Deputy. The Courtroom Deputy will ensure that these items are stored in a safe place and will return them to you after you finish your deliberations for the day.

### NO. 3. ON THE PROCESS FOR JURY DELIBERATIONS

Shortly after you go into the jury room, the Courtroom Deputy will bring you the exhibits and verdict form in this case. Do not begin your deliberations until the Courtroom Deputy has brought you these documents. When the exhibits and verdict form are delivered to

you, your first task will be to elect a juror who will serve as your foreperson. The foreperson does not have any more power or authority than any other juror, and his or her opinion does not count for any more than any other juror's vote or opinion. The foreperson merely presides over your deliberations and is your spokesperson to the Court. He or she will send out any notes, and when the jury has reached its verdict, he or she will notify the marshal that the jury has reached its verdict and you will come out into open court and give the verdict.

After you have received the exhibits and verdict form and then elected the foreperson, you will begin deliberating. If you have questions during your deliberations, the foreperson should write the jury's question on a sheet of paper, sign it legibly with your juror number, date it, and knock on the door. If you decide you need anything—ruler, pencil, pens, scrap paper, calculator—just ask us in a note. Do not bring any of these items from your home or anywhere else outside of court. The Clerk will then bring the question on the note to me, and I will respond in open court and in the presence of the parties. Do not verbally tell the Clerk what your question is. Please try to make any questions very precise. We cannot engage in an informal dialogue, and I will respond only to the question on the paper.

I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally. Sometimes, the process of getting court staff together so that I may respond takes a few minutes; once you have given us a note, trust that we are working on getting you an answer quickly.

At times during this trial, you have seen the court reporter read back a question or an answer. Read-backs of this sort are also available to you during your deliberations. If you need to have any testimony read back to you, follow the same procedure: on a sheet of paper specify what it is that you want to hear as precisely as you can. For example, if you know that you

want to hear only the specific direct or cross examination of a particular witness, specify the portion you would like to hear. Otherwise, we will have to repeat the whole testimony in full, which can be time-consuming. Your requests for a read-back of testimony and, in fact, any communication with the Court, must be made to me in writing, signed by your foreperson, and given to the marshal.

I also must caution you that, in your communications with the Court, you should never reveal your numerical division at any time. If you are divided, do not report how the vote stands, and if you have reached your verdict, do not report what it is until you are asked in open court. These requirements are important, so I will state them again. In your communications with the Court, you should never reveal your numerical division at any time. If you are divided, do not report how the vote stands, and if you have reached your verdict, do not report what it is until you are asked in open court.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching a unanimous agreement. Each of you has taken an oath to return a true verdict according to the evidence. No one must be false to that oath, but you have a duty not only as individuals but also collectively to express your views to the other jurors and to listen to theirs. That is the strength of the jury system. Each of you brings into the jury deliberation room your own individual experiences and wisdom. Your task is to pool that experience and wisdom in considering the evidence. You do that by giving your views and listening to and considering the views of others. There must necessarily be discussion and give and take within the scope of your oath. That is the way in which a unanimous verdict is reached.

You must not discuss the case with your fellow jurors unless all members of the jury are present. If a single member of the jury is not present, you cannot discuss the case; likewise,

if you bump into another juror in the restroom, you cannot discuss the case with them. You will take the usual breaks and luncheon recess, but you must not discuss the case during those breaks. You can deliberate only when all of you are together in the jury deliberation room. This is important. We have had cases that had to be tried all over again because this rule was violated, so please be very careful not to discuss the case with your fellow jurors except when all of you are together deliberating in the jury room.

You also must not communicate with or provide any information to anyone outside of this courthouse by any means about this case. You may not use any electronic device or social media to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, text, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberation. In addition, you may not bring any belongings or aids, other than your notes and the materials provided to you by the Court, into the jury room to use during deliberations. As I mentioned, if you need anything, like pens or paper, please ask.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

No one will hurry you. If you are not able to reach a verdict today, you will resume your deliberations tomorrow. You may have as much time as you need to reach a verdict.

**NO. 4. <u>USE OF NOTES</u>**

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory. It will be up to you whether to disclose them to your fellow jurors during deliberations. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you cannot agree on what you remember the testimony was, you can ask to have the transcript read back.

**NO. 5. <u>THE VERDICT FORM</u>**

As I and the attorneys have referenced, a Verdict Form has been prepared for your convenience. Focusing on the questions set forth in the Verdict Form will assist you in your deliberations. I want to caution you now to take your time when completing the Verdict Form—it is complicated. Let me ask you to look at the Verdict Form now, and I will walk through it briefly with you.

As you can see, the Form consists of a series of questions. Each question calls on you either to check "yes" or "no" or to write in a monetary amount. Answer each question as it appears and answer only those questions shown on the Form. As you review the Form, you will see that there are instructions in bold-faced or italicized type. Please read these instructions and follow them carefully. Depending on your answer to a particular question, it may not be necessary to answer a later question or questions.

Finally, be consistent in your responses. Please carefully read the instructions and

ensure that you have followed the directions contained therein.

You must complete the Verdict Form in the deliberation room and return it in court when you have reached a unanimous agreement as to your verdict. You will have the original Verdict Form in the deliberation room, and I will ask the Courtroom Deputy to collect the copies at this time. You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date, and sign the Verdict Form. If the foreperson makes any error in completing the Verdict Form, please do not strike out the error and add a correct response. Instead, please request a new Verdict Form, so that the Verdict Form that is submitted to the Court and the Parties is error-free. Then inform the court marshal or clerk that you have reached your verdict. The Verdict Form must be used only in connection with the charge I have just given to you. The terms used in the Verdict Form are discussed in my instructions, and these instructions must govern your deliberations.

## NO. 6. ON THE ROLE OF SYMPATHY AND PREJUDICE

In reaching your verdict you are not to be affected by sympathy or bias for any of the parties or what the reaction of the parties or of the public may be to your verdict, whether it will please or displease anyone, be popular or unpopular, or any consideration outside the case as it has been presented to you in this courtroom. You should consider only the evidence, both the testimony and the exhibits, find the facts from what you consider to be the believable evidence, and apply the law as I gave it to you. Your verdict will be determined by the conclusion you reach, no matter whom the verdict helps or hurts.

Our system of justice depends on judges like me and jurors like you being able and willing to make careful and fair decisions. All people deserve fair and equal treatment in our system of justice, regardless of their race, national origin, religion, age, ability, gender, sexual orientation, education, income level, or any other personal characteristic. You have agreed to be fair. I am sure that you want to be fair, but that is not always easy.

One difficulty comes from our own built-in expectations and assumptions. They exist even if we are not aware of them and even if we believe we do not have them. Some of you may have heard this called "implicit" bias. That is what I'm talking about here. People may have biases for or prejudices against certain other people or entities or certain perceptions or stereotypes of other people or entities. Please understand that your decision must not be reached on the basis of sympathy or bias for or prejudice against any party. As you deliberate, the best way to ensure that your decision-making minimizes bias is to take your time in the deliberative process; to ask yourself, when you reach a conclusion, what evidence that conclusion is based on; and to listen to your fellow jurors and consider their views and perspectives.

The parties come to court asking simply for an impartial determination of the disputed issues based on the facts and the law. That is what they are entitled to, and that is how you should approach the decision of this case.

## NO. 7. <u>CONCLUSION</u>

Again, after you have reached a verdict, your foreperson will fill out the verdict form that has been given to you and will sign and date it. Then, your foreperson will advise the marshal outside your door that you are ready to return to the courtroom for the foreperson to

announce the verdict.

I stress again that each of you must be in agreement with the verdict that is announced in court. That is, you must be unanimous.

It is proper to add a final caution. Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Members of the jury, that concludes my instructions to you. Please adjourn to the jury assembly room. Please do not begin your deliberations until you have all of the exhibits and the verdict form and are instructed to begin deliberating.

Thank you very much for the time and energy you continue to devote to this case.